FOWLER ELEVATOR COMPANY V. L. R. COTTRELL
ET AL.

FILED NOVEMBER 28, 1893.    NO. 5447.

1. **Statute of Frauds:** SUFFICIENCY OF MEMORANDUM.  The
   written memorandum required by section 9 of our statute of
   frauds (ch. 32, Comp. Stats.) may be made out by connecting
   two or more separate papers, such as the written correspondence
   between the parties.

2. ——: ——.  It is not essential in such case that each paper
   be signed by the party sought to be charged, provided those not
   thus signed are referred to with reasonable certainty in those
   which are signed.

3. ——: ——: PAROL EVIDENCE.  But the relation to each
   other of the documents relied upon to satisfy the requirement
   of the statute must appear on their face and cannot be estab-
   lished by parol evidence.

ERROR from the district court of Douglas county.  Tried
below before DOANE, J.

*Wharton & Baird,* for plaintiff in error.

*Ed. P. Smith, contra.*

POST, J.

This is a petition in error from the district court of
Douglas county.   A demurrer was sustained to the petition
in that court, and the plaintiff refusing to plead further the
action was dismissed with costs.   The controversy in this
court, therefore involves but one inquiry, viz., does the pe-
tition state a cause of action?   The material allegations
thereof are as follows: On the 4th day of March, 1891,
the plaintiff, a corporation doing business in the city of
Omaha, entered into an agreement by telephone with the
defendants, then residing and doing business in the city of

Seward, by which the latter sold and agreed to deliver to plaintiff, or its representative, in the city of St. Louis, Mo., within thirty days thereafter, 10,000 bushels of No. 3 corn at 54½ cents per bushel. On the same day plaintiff addressed the defendants the following communication, which was in due course of mail received by the latter at Seward:

"OMAHA, Neb., March 4, 1891.

"*Mess. Cottrell, Alden & Co., Seward, Neb.*—DEAR SIRS: This confirms purchase of you by telephone to-day of 10,-000 bu. No. 3 corn or better, at 54½c per bu., delivered at St. Louis, Mo., Pac. Ry., 30 days shipment, St. Louis terms. Please ship as follows:

$$\left\{ \begin{array}{l} \text{Order Fowler Elevator Co.} \\ \text{Notify John A. Warren \& Co.} \\ \text{St. Louis, Mo.} \\ \text{Care Mo. Pac. Ry., Lincoln, Neb.} \end{array} \right\}$$

"Make drafts, B. of L. attached, on Fowler El. Co., Omaha, Neb. Order and use Mo. Pac. cars to avoid transferring the grain.

"Yours truly,    FOWLER ELEVATOR CO.,
"E."

To which, on the 30th day of March, the defendants replied as follows:

"SEWARD, NEB., March 30, 1891.

"*Fowler Elevator Co., Omaha, Neb.*—GENTS: It will be impossible for us to ship you, or your St. Louis firm, Jno. A. Warren & Co., any corn. We hope this will not seriously inconvenience you.

"Yours, etc.,    COTTRELL, ALDEN & CO."

On the following day plaintiff wrote defendants as follows:

OMAHA, NEB., March 31, 1891.

"*Cottrell, Alden & Co., Seward, Neb.*—DEAR SIRS: Your favor of the 30th at hand stating that it will be im-

37

possible to ship us any corn and hoping that it will not seriously inconvenience us.

"We do not understand just what you mean, as your Mr. Cottrell was here a few days ago and asked for an extension of time of shipment, and we agreed to allow him ten days extension. Mr. Cottrell at the time said that you had the corn, and twenty-five to thirty cars besides, as yet unsold. We are willing to grant you an extension until April 14, but can see no reason why you should not be able to get the corn out by that time; and considering the present condition of the cash corn market we think we are treating you very liberally. It most certainly would inconvenience us not to have you ship this corn, as you must know that to protect ourselves we must sell each day against all purchases, and of course our St. Louis firm look to us for this corn. Please let us hear from you more fully on the subject.

"Yours truly,          Fowler El. Co.,
                                    "E."

And on the 2d day of April, the defendants replied as follows:

"Seward, Neb., April 2, 1891.

"*Fowler Elevator Co., Omaha, Neb.*—Gents: Replying to your letter of March 31, at the time corn sale in question was made, we supposed we had control of the corn and could handle it and sell it. Since then obstacles have presented themselves, and circumstances over which we have no control will prevent us from filling the sale. We cannot, therefore, fill the sale, much to our chagrin, and you will have to look elsewhere for the corn.

"Yours, etc.,          Cottrell, Alden & Co."

The other allegations relate to the subject of damage and do not call for notice in this opinion, since it is conceded that the only question presented by the record is the sufficiency of the correspondence set out above to satisfy

the requirements of section 9 of our statute of frauds (ch. 32, Comp. Stats.). The provisions of the section referred to are as follows: "Every contract for the sale of any goods, chattels, or things in action, for the price of fifty dollars or more, shall be void unless: First—A note or memorandum of such contract be made in writing and be subscribed by the party to be charged thereby; or, Second—Unless the buyer shall accept and receive part of such goods or the evidences, or some of them, of such things in action; or, Third—Unless the buyer shall, at the time, pay some part of the purchase money." It is not essential that a contract be evidenced by a single document in order to bring it within the first exception contained in the foregoing section. All writers agree that it is a sufficient compliance with the statute if the terms of the agreement can be determined with reasonable certainty from two or more separate papers. Nor are they all required to be signed by the party sought to be charged, provided those not thus signed are referred to in those which are signed. But the connection between such documents must appear from the signed memoranda, and cannot be established by parol evidence. (See *Boydell v. Drummond*, 11 East [Eng.], 142; *Coles v. Trecothick*, 9 Ves. [Eng.], 250; *Ridgeway v. Wharton*, 6 H. L. Cases, [Eng.], 237; *Blair v. Snodgrass*, 1 Sneed [Tenn.], 1; *Thayer v. Luce*, 22 O. St., 62; *Johnson v. Buck*, 35 N. J. Law, 338; *Tice v. Freeman*, 30 Minn., 389; *Ridgway v. Ingram*, 50 Ind., 145; *North v. Mendel*, 73 Ga., 400; *Brown v. Whipple*, 58 N. H., 229; *Carter v. Shorter*, 57 Ala., 256; *Boardman v. Spooner*, 13 Allen [Mass.], 353; Benjamin, Sales, 222; Reed, Statute of Frauds, 341; Wood, Statute of Frauds, 364.) Assuming the written correspondence in this case to be otherwise a sufficient compliance with the demand of the statute, it is entirely insufficient, as a memorandum, to charge the defendants, for the reason that no reference is therein made by the latter to the first and only communication in which mention is made of

the terms or conditions of the alleged agreement.    True, it is charged in the petition that the letter of defendants, under date of April 2, refers to the contract mentioned in plaintiff's first communication, but it is apparent from the other allegations thereof that the foregoing correspondence is the only written evidence of the agreement sued on.    It is evident, too, when tested by the authorities cited, that such correspondence does not amount to a memorandum in writing within the meaning of the statute.    It may be observed further that had the letters of the defendants referred in the most unequivocal terms to the plaintiff's communication of March 4, the statute is still applicable, since we find therein no acknowledgment of the alleged parol agreement, but on the other hand an express repudiation thereof.    It follows that the petition does not state a cause of action, that the order sustaining the demurrer is right, and that the judgment of the district court should be

AFFIRMED.