HERMAN BROTHERS COMPANY, APPELLANT, v. CONRAD WACKER, APPELLEE.

FILED MAY 4, 1914. No. 17,719.

1. **Statute of Frauds:** MEMORANDUM. The written memorandum required by section 2631, Rev. St. 1913 (statute of frauds) may be made out by connecting two or more papers, such as written correspondence between the parties.

2. ———: ———: SIGNING. It is not essential that each paper be signed by the party sought to be charged, provided those not signed are referred to with reasonable certainty in those which are signed. But the relation to each other of the documents relied on to satisfy the requirement of the statute must appear on their face, and cannot be established by parol evidence. *Fowler Elevator Co. v. Cottrell,* 38 Neb. 512.

3. ———: ———. An unsigned order for a bill of goods was given to a traveling salesman, a copy of the order was handed to the merchant, and the original sent to the wholesaler. The merchant afterwards wrote a letter to the wholesaler requesting him to cancel certain items contained in the order as described therein. This request was acceded to, and after some other letters had been written in relation to the order the merchant, by letter, insisted on a cancelation of the whole order. *Held,* That there was a sufficient acknowledgment in writing of the making of the order to take it out of the statute of frauds, and the jury should have been instructed to that effect.

APPEAL from the district court for Hitchcock county: ERNEST B. PERRY, JUDGE. *Reversed.*

*Mockett & Peterson,* for appellant.

*C. E. Eldred* and *J. W. Cole, contra.*

BARNES, J.

Action to recover profits on an alleged order for the sale of certain goods and merchandise by the plaintiff to the defendant. A trial in the district court for Hitchcock county resulted in a verdict for the defendant. A motion for a new trial was overruled, judgment was rendered on the verdict, and the plaintiff has appealed.

It appears that the plaintiff, under the name of Herman Bros. Co., was engaged in the wholesale business in the city of Lincoln, Nebraska, and on or about April 22, 1907, the defendant, Conrad Wacker, was a retail merchant in the town of Culbertson, in this state; that, on the forenoon of the day above mentioned, a traveling salesman of the plaintiff called on the defendant and took his order for certain goods to be delivered at once, which were to be paid for in cash when delivered; that the goods were shipped by plaintiff to defendant, were received by him,

were paid for, and about this there is no dispute. On the afternoon of the same day the plaintiff's salesman returned to the defendant's store and secured an order for certain fall goods, to be shipped in July, and paid for on or about November 1, 1907. This order was entered by the salesman in what is called a traveling-man's order book, and a copy of it was handed to the defendant. It appears that on April 24, 1907, the plaintiff wrote defendant a post card as follows: "Your order of * * * to be shipped later, is received and will have our prompt and careful attention. With thanks, Herman Bros. Co."

On May 4, 1907, defendant wrote plaintiff the following letter:

"Culbertson, Neb., May 4, 1907.

Herman Bros. Co., Lincoln. Gents: Please cancel the pants ordered for to be shipped in July. In looking over my stock I find that I have a good supply on hand. The Nos. are as follows: 9882 1 doz. $36. 9800 1 doz. $36. 9871 1 doz. $30. 9874 1 doz. $30—$132. C. Wacker."

In reply to this letter plaintiff wrote defendant as follows:

"Mr. C. Wacker, Culbertson, Neb. Dear Sir: We are just in receipt of your letter of May 4th, asking us to cancel four dozen of extra pants off of your order given to our Mr. Robinson and we are complying with your request and hope this will be satisfactory. Yours truly, Herman Bros. Co., per. C. H."

On May 8, 1907, defendant wrote plaintiff as follows:

"Herman Bros. Co., Lincoln, Neb. Gents: Yours at hand this morning and note what you say regarding to shortage of one boy's suit. The way your letter reads you people never make any errors. Now I tried to do business with you people once before. But it seems like we can't manage to get along. So we will quit right now. You may countermand my entire and all disputes will be ended. I don't want to do business in a scrapping way. Yours truly, C. Wacker."

On May 14, 1907, defendant wrote plaintiff as follows:

"Herman Bros. Co., Lincoln, Neb. Gents: Yours at hand and note what you say regarding cancelation of order. I will not reconsider the matter and I want the order canceled. Yours resp., C. Wacker."

On May 18, 1907, defendant wrote plaintiff again as follows:

"Herman Bros. Co., Lincoln, Neb. Referring to your letter and note what you say in regards to cancelation of my order. Now I want you to understand that I mean what I say. I will positively not accept the goods if you ship them and if you are in the market for trouble I suppose you can find it. According to your letter you folks never make any errors. Yours truly, C. Wacker."

In reply to this letter plaintiff wrote defendant as follows:

"Mr. C. Wacker, Culbertson, Neb. Dear Sir: We are in receipt of your letter of May 18th in regard to the cancelation of your order. We see that you refuse to do anything at all in the way of making a settlement, so we hereby withdraw all propositions we have made and notify you hereby when the proper time comes we will sue you for the profits that we would have made on the balance of your order that was to be shipped later *excepting on those pants on which we accepted your cancelation.* But we will hold you for the profits on all the balance. Yours respectfully, Herman Bros. Co., per C. H."

We have thus quoted all of the correspondence which seems to bear in any manner upon the present controversy. As a defense to plaintiff's action, defendant pleaded the statute of frauds, which reads as follows: "Every contract for the sale of any goods, chattels, or things in action, for the price of fifty dollars or more, shall be void, unless, first, a note or memorandum of such contract be made in writing and be subscribed by the party to be charged thereby; or, second, unless the buyer shall accept and receive part of such goods or the evidences, or some of them, of such things in action; or, third, unless the buyer shall pay some part of the purchase money." Rev. St. 1913, sec. 2631.

. It is clear that the order in question was not signed by the defendant or any one for him. But it is contended that the order, which was on a sheet separate from the cash order above mentioned, was a part of the same order; that the defendant received and accepted the goods mentioned in the two sheets of the order taken in the forenoon, and his acceptance took that contract out of the statute of frauds. It appears, however, that the goods described in sheets 1 and 2 were to be delivered at once, and to be paid for in cash on delivery, and that order was taken by the plaintiff's traveling salesman in the forenoon; that in the afternoon he returned to the defendant's store and solicited the order in question, which was for fall goods, to be delivered in July, and paid for the first of the following November. It seems clear, therefore, that the order in question was separate and distinct from that contained on sheets 1 and 2; that it was different as to the time of delivery and the terms of payment.

Plaintiff contends that by the letters above quoted defendant acknowledged the making of the order in question, sufficiently identified it, and thereby took it out of the operation of the statute. In *Fowler Elevator Co. v. Cottrell*, 38 Neb. 512, it was held: "The written memorandum required by section 9 of our statute of frauds (Comp. St. 1893, ch. 32) may be made out by connecting two or more separate papers, such as the written correspondence between the parties. It is not essential in such case that each paper be signed by the party sought to be charged, provided those not thus signed are referred to with reasonable certainty in those which are signed. But the relation to each other of the documents relied upon to satisfy the requirement of the statute must appear on their face, and cannot be established by parol evidence." That case is an instructive one, and defendant contends that it is decisive of the question involved in this appeal, and resolves it in his favor. The facts in this case, however, are not the same as those set forth in the record in *Fowler Elevator Co. v. Cottrell, supra*. In that case the defendant in no manner acknowledged that he entered

into a contract of any kind with the plaintiff. There was nothing in the correspondence which identified any kind of an agreement; and, while that case is correctly decided, it has no direct application to the facts in the case at bar. Here the defendant wrote plaintiff a letter in which he, in effect, admitted making the order, and asked the plaintiff to cancel certain items contained therein. A letter was sent to him by the plaintiff acceding to his request, and in several of the letters which defendant wrote to plaintiff he spoke of the order in question, and, in effect, admitted that he gave it to the plaintiff's salesman, and finally he insisted on its cancelation.

As we view the record, there was a sufficient acknowledgment in writing of the making of the order to take it out of the operation of the statute. Defendant has at no time denied that he gave the order. There is no dispute as to that fact, and the court should have instructed the jury that defendant, by his letters, had acknowledged the making of the order, in writing, and therefore it was not within the statute of frauds.

For failing and refusing to so instruct the jury, the judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED.