Argued February 15, affirmed March 7, 1916.

## LARRABEE v. BJORKMAN.

(155 Pac. 974.)

**Specific Performance—Pleading—Sufficiency.**

1. In a suit for specific performance, the complaint set out the contract, which recited that plaintiffs owned the land in question, and averred that plaintiffs duly performed all conditions of the contract on their part and tendered defendants a warranty deed. There was no demurrer or motion to make more definite and certain. *Held,* in view of section 88, L. O. L., declaring that, in pleading performance of a condition precedent to a contract, it shall not be necessary to state facts showing such performance, but performance may be stated generally, the complaint must be deemed sufficient to show title in plaintiffs.

[As to basis of doctrine of specific performance, see note in 128 Am. St. Rep. 383.]

**Pleading—Issues—Admissions.**

2. In a suit for specific performance of a contract to purchase land, where the contract, signed by all parties, recited that plaintiffs were owners, title was admitted, and no other proof was necessary.

**Specific Performance—Right to Remedy.**

3. A contract to buy land may be specifically enforced, though the vendors have an action at law for damages.

**Vendor and Purchaser—Contracts—Validity.**

4. Where the vendors agreed to convey, the buyer's promise to purchase is supported by consideration, and is not *nudum pactum.*

**Vendor and Purchaser—Contracts—Actions.**

5. That although the testimony shows that the buyers had never seen the purchasers, the negotiations being carried on through brokers, does not show that there was no meeting of the minds of the parties.

**Specific Performance—Contract to Purchase Land—Defenses.**

6. Specific performance of a contract to purchase land will not be denied because the buyers had collected a note they agreed to assign to the vendors; for a court of equity will follow the proceeds of the note and compel delivery thereof to the vendors.

From Multnomah: GEORGE N. DAVIS, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

This is a suit by A. A. Larrabee and Jane Larrabee, his wife, against Erik Bjorkman and Frida Bjorkman, his wife, to enforce specific performance of a contract for the sale of real property. The written agreement reads thus:

"June 4th, 1914.

"A. A. Larrabee, first party, owns lot 7, block 66, Stephen's Addition to Portland, Oregon, which he hereby agrees to sell to Erik Bjorkman, second party, for a total consideration of thirty-five hundred dollars, as follows:

"Second party agrees to assume $2,000.00 first mortgage at 7 per cent, to pay the balance of $1,500.00 as follows: Note and second mortgage of a balance of $705.00 at 8 per cent, $12.50 interest monthly, security lot and brick building at S. E. corner East 20th North and Alberta Streets. Also contract on lots 19 and 20 in block 25 Hyde Park Addition to Portland, Oregon, at total consideration of $900.00, with unpaid contract balance of $340.00, payable at the rate of $7.50 per month. No interest, no tax. (Equity net $560.00.)

"Also the balance of $235.00 to be paid by note and mortgage on above lot 7, block 66, Stephen's Addition, payable no interest at the rate of $7.50 per month.

"Both parties agreed to furnish abstracts of title satisfactory to transfer title as per this contract.

"In witness whereof we have hereunto subscribed our names this 4th day of June, 1914.

"A. A. LARRABEE.
"JANE LARRABEE.
"ERIK BJORKMAN.
"FRIDA D. BJORKMAN.

"Witness:
"G. E. PARKHILL.
"J. D. NEILAN."

The complaint, after reciting the marriage relations of the plaintiffs and the defendants, sets out this con-

tract in full, and alleges that the former duly performed all the conditions thereof on their part, and on certain days mentioned tendered the defendants a warranty deed for the property, furnishing with it an abstract of title, and demanding performance on their part, which was refused. It is stated in the abstract that the answer makes a general denial of all the allegations in the complaint, except the marital conditions of the parties. That pleading avers new matter to the effect that Parkhill and Neilan, who signed as witnesses, approached the defendants, representing to them that, if they would execute the agreement, the former would soon sell the property for the sum of $4,000, whereby the Bjorkmans would realize a profit without being compelled to pay out any money; also that the defendants were not obligating themselves in any way by signing the paper. It is said that at the time the defendants affixed their names the signatures of plaintiffs were not attached to the instrument, and that Parkhill and Neilan stated further that in case no sale of the property was accomplished, the defendants were not to execute the promise and conditions of the stipulation. The defendants complain that they never met the Larrabees, and that the first knowledge or information they had that the plaintiffs were in any way interested in their property was when the summons was served in this suit. They further aver that they have not given nor received any consideration whatever in money or other value for their signatures to the quoted paper. To this new matter the court sustained a demurrer. It appears from the transcript of the evidence accompanying the case that during a hearing the defendants were given permission to file an amended answer alleging fraud on the part of Parkhill and Neilan in obtaining their signatures to the

contract, but no such new pleading appears in the abstract before us. So far as the record is concerned, the case was heard upon the general issues raised by the denials in the answer. After hearing all the testimony, the court entered a decree in favor of the plaintiffs according to the prayer of their complaint, and the defendants appeal.          AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. William La Force.*

For respondents there was a brief and an oral argument by *Mr. L. E. Crouch.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1, 2. For the first time the defendants urge in this court that the complaint does not state facts sufficient to constitute a cause of suit, in that it does not appear therefrom that the plaintiffs were the owners of the property, a sale of which they seek to enforce. On this point we observe that the agreement itself, which the testimony conclusively shows was signed by both the plaintiffs and the defendants, recites at the very outset that: "A. A. Larrabee, first party, owns lot 7, block 66, Stephen's Addition to Portland, Oregon." It is further stated in the complaint that the plaintiffs duly performed all the conditions of the contract on their part, and tendered the defendants a warranty deed covering their land. If possible, in the absence of any motion to make more definite and certain, or a demurrer interposed in the Circuit Court, the pleading will be construed to stand as a sufficient statement of the cause of suit. This recital of the ownership of the property was signed by both parties. It was alike a statement of a fact by the defendants and by the plain-

tiffs.   Moreover, unless the latter did, in fact, have title to the realty, they could not perform their covenant by tendering a warranty deed for the tract.   The allegation that they duly performed all the conditions of the contract is a sufficient pleading on that point within the meaning of Section 88, L. O. L.   It necessarily implies that at the time the plaintiffs were the owners of the land mentioned in the agreement else they could not have performed as they aver they did. As a matter of evidence, the declaration of ownership appearing in the contract signed by the defendants is an admission of the plaintiffs' title and dispenses with proof of the same.

3.   It is contended also that the Larrabees have a plain, speedy and adequate remedy at law to recover damages for breach of the obligation.   A quotation of textbook law is sufficient to set this point at rest against the contentions of the defendants:

"Where land or any estate or interest in land is the subject matter of the agreement, the jurisdiction to enforce specific performance is undisputed, and does not depend upon the inadequacy of the legal remedy in the particular case.   It is as much a matter of course for courts of equity to decree a specific performance of a contract for the conveyance of real estate, which is in its nature unobjectionable as it is for courts of law to give damages for its breach.   Equity adopts this principle, not because the land is fertile, or rich in minerals, but because it is land, a favorite and favored subject in England and every country of Anglo-Saxon origin.   Land is assumed to have a peculiar value, so as to give an equity for specific performance, without reference to its quality or quantity": 36 Cyc. 552.

4.   It is also urged that there was no consideration for the stipulation, and hence that it is *nudum pactum.* It will be observed, however, that the compact con-

tains an agreement on the part of Larrabee to sell to the defendant Bjorkman, who on his part stipulates to do certain things there mentioned. It is hornbook law that the promise of one party is a sufficient consideration to support the agreement of the other party to a contract.

5. The defendants make much of the fact appearing in evidence that the Larrabees never saw the Bjorkmans until they confronted each other in court, and they argue from this that their minds never met so as to constitute *aggregatio mentium* indispensable to the validity of any contract. The testimony, however, is very clear that the execution of the instrument was accomplished through the services of Parkhill and Neilan, acting as brokers. It is common learning that the most important mercantile transactions are consummated between parties residing at great distances from each other by means of correspondence or by the intervention of brokers who, as the term implies, are agents for both parties. As stated, there is no amended answer in the record alleging fraud inducing defendants to sign the contract. The evidence on the part of the defendants themselves, however, shows that they discussed the legal effect of signing the instrument, and knew that it would be binding upon them. No false statement of fact is imputed to the plaintiffs or the brokers. It is quite apparent that the Bjorkmans hoped to make a profitable turn of the property before being compelled to perform their agreement, and that it was this expectation which induced action by the defendants at the outset.

6. Finally, they argue that because they have collected the note they were to assign as part of the purchase price, and, of course, have surrendered to the maker, the court is ousted of jurisdiction to compel

specific performance, because it has now become impossible to fulfill that condition. Equity, however, looking at the substance of things, will not be balked in that manner. It will follow the proceeds of the note, and, in the common-sense language of the trial judge, "will compel them to perform with what they received."

The evidence, which we deem it unnecessary to quote at large, clearly shows that the plaintiffs did everything they were required to do and tendered performance of their part of the agreement, which the defendants refused without any sufficient excuse. Contracts are made to be observed, and nothing appears in this case on the evidence forbidding an application of the rule.

The decree of the Circuit Court is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BENSON concur.