## 9699

### SINGLETON v. CUTTINO.

(92 S. E. 1046.)

1. APPEAL AND ERROR—FORMER JUDGMENT—EFFECT.—Where the former opinion of the Supreme Court, in an action for specific performance, concluded with the words, "These conclusions practically dispose of all questions presented by the exceptions. Judgment reversed"— the former judgment was conclusive of all questions involving plaintiff's right to specific performance of the contract in suit.

2. VENDOR AND PURCHASER—EQUITABLE INTEREST OF VENDEE.—Before conveyance, and while there is a contract of sale merely, the vendor has the legal estate, and the vendee has an equitable interest, being the equitable owner of the rents and profits of the land, which remained in the possession of the vendor.

3. ELECTION OF REMEDIES—ELECTION BY BUYER OF LAND—ACTION FOR DAMAGES OR SPECIFIC PERFORMANCE.—The seller of land had a right to bring an action at law to recover damages for breach of the contract, and also had the right to invoke the aid of the Court in the exercise of its chancery powers by action for specific performance, but he could not resort to both remedies; and, where he elected to pursue the equitable one, the jurisdiction of equity was exclusive.

4. SPECIFIC PERFORMANCE—INADEQUACY OF REMEDY AT LAW.—In a case of specific performance of a contract, the Court's power to exercise its equitable jurisdiction is not dependent upon the inadequacy of the remedy at law.

5. SPECIFIC PERFORMANCE — SALE OF THE PROPERTY — PRACTICE. — The usual practice, in case of action by vendor for specific performance of a contract to sell realty, is to order sale of the property, and judgment over against defendant for any deficiency.

Before PRINCE, J., Sumter, November, 1916.　Modified.

Action by Anna H. Singleton against D. W. Cuttino. From a judgment for plaintiff, defendant appeals.

*Messrs. von Kolnitz & Farrow* and *Marion W. Seabrook,* for appellant.　*Mr. Seabrook* cites: *As to effect of decision on former appeal:* 30 S. C. 534; 33 S. C. 582; 4 Corpus Juris, 1239, 1241.　*As to legal judgment in equitable proceeding:* 32 S. C. 203; 88 S. C. 140.　*Damages:* 39 Cyc. 1992; 126 Ga. 786; 8 L. R. A. (N. S.) 137.　*Specific performance wrong remedy:* 32 S. C. 203, 528; 41 S. C. 354; 36 Cyc. 556; 60 S. C. 391; 54 S. C. 437.　*Interest and expenses not elements of damages:* 1 Brev. 423; 97 S. C. 189; 19 S. C. 445.　*Amendment to set up new defense:* 83 S. C. 575; 84 S. C. 267; 4 C. J. 798.　*Laches:* 53 S. C. 563; 31 S. C. 276; 6 Rich. Eq. 324; 7 Rich Eq. 260.　*When specific performance should be refused:* 84 S. C. 256; 41 S. C. 354; 1 Hill Eq. 51; 5 Rich. Eq. 571; 2 Strob. Eq. 72; 76 S. E. 177.　*Jurisdiction during pendency of petition for rehearing:* 2 Dana 334.　*Tender a prerequisite to action:* 2 Rich. Eq. 361; 6 Rich. Eq. 324; 88 S. C. 525.

*Messrs. L. D. Jennings* and *A. S. Harby,* for respondent, cite: *As to construction of judgment on former appeal:* 15 S. C. 496; 65 S. C. 400; 17 S. C. 163, 189.　*Jurisdiction after remand to Circuit Court:* 80 S. C. 207; 39 S. C. 436;

FOOTNOTE.—As to election of remedies as between law and equity, see *Napier* v. *Gidiere,* Cheves L. 101, and note in 32 A. & E. Ann. Cas. 1218.

17 S. C. 207, 212; 17 L. Ed. U. S. 514; 1 S. C. 97; 16 S. C. 621; 28 S. C. 445. *Case cannot be then reopened:* 23 Mo. App. 344; 24 Mo. App. 166; 97 N. C. 7; 2 S. E. 59; 31 N. J. Eq. 586; 73 N. C. 36; 7 Wis. 100; 76 Wis. 628; 45 N. W. 530; 14 Calif. 247; 30 Calif. 458. *Interest an element of damages:* 3 McC. 498; 25 N. H. 474; 20 Wend. 51; 36 N. Y. 255; 70 W. Va. 456; A & E. Ann. Cas. 1913e, 578; 6 How. (U. S.) 146; 153 U. S. 456; 22 Cyc. 1469; 1473, 1495, 1496; 39 Cyc. 1569-1570; 2 Bailey 276; 2 S. C. 253; 15 S. C. 612; 88 S. C. 510. *As to necessity for claiming interest in pleading:* A. & E. Ann. Cas. 1912a, 1223; 4 Strob. 188; 2 Spears 33; 120 Ky. 218; 85 S. W. 1090; 117 Am. St. Rep. 585. *Rule governing specific performance:* 97 S. C. 261, 269; 16 S. C. 76.

June 28, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is the second appeal herein. See 105 S. C. 44, 89 S. E. 385. The first question for consideration is whether there was error on the part of his Honor, the Circuit Judge, in refusing to allow the defendant to amend his answer on the ground that the judgment heretofore rendered by this Court is conclusive of all questions relative to the right of the plaintiff to specific performance of the contract. The following appears at the conclusion of the former opinion:

"These conclusions practically dispose of all questions presented by the exceptions.

"Judgment reversed."

The exceptions brought before this Court, every question raised by the pleadings, and every issue then involved was determined. It will be observed that the judgment did not provide that the case should be remanded for further pro-

ceedings; nor is there a single expression indicating that the judgment was not to be final. Our construction of the judgment is, that it was the intention of the Court that it should be conclusive of all questions, involving the right of the plaintiff to specific performance of the contract. In *Jennings* v. *Parr,* 54 S. C. 109, 32 S. E. 73, the rule is thus stated:

"An examination of the former opinion of this Court will show that none of the defenses allowed by the Circuit Judge were considered by this Court, and the order refusing the petition for a rehearing shows that the * * * Court did not intend to decide all questions involved in the case, and that its judgment was only final upon the questions considered by it. When the Supreme Court does not make a final disposition of the case, but remands it for further proceedings, it then becomes subject to * * * section 194 of the Code, as fully as if there had not been an appeal, except as to those questions upon which this Court has rendered its decision, which, of course, cannot again be put in issue, either by amendment or in any other manner."

Every case is dependent upon the question whether it was the intention of the Supreme Court that its judgment should be conclusive, not only as to all rights then involved, but as to those that the parties thereafter might attempt to assert. The exceptions raising this question are overruled.

While this defendant cannot amend his answer, so as to interpose other defenses, involving the right of the plaintiff to specific performance of the contract, he is, however, not precluded from appealing from so much of the decree of the Circuit Court as is administrative in its nature or inconsistent with those rights that have already been adjudicated by this Court. The exceptions we will proceed to consider are of that class.

The next question that will be determined is whether there was error in adjudging that the plaintiff was entitled to interest on the amount due by the defendant.

"Before conveyance, and while there is a contract of sale merely, the vendor has the legal estate in the land, and the vendee has the equitable interest; the former being a trustee of the beneficial interest in the land for the latter, the latter being the trustee of the purchase money for the former." *Gregorie* v. *Bulow,* 9 S. C. Eq. (Rich. Eq.) Cas. (S. C.) 235; *Blackwell* v. *Ryan,* 21 S. C. 112; 1 Pom. Eq. Jur., sec. 368.

The vendee was therefore the equitable owner of the rents and profits of the land, which remained in the possession of the vendor. The plaintiff is therefore estopped from claiming interest. The exception raising this question is sustained.

The next question that will be considered is whether there was error in refusing to allow the defendant a trial by jury, for the purpose of determining the amount of damages for which the defendant is liable under the contract, on the ground that the issue as to the amount of damages is legal in its nature, and on the further ground that as a jury trial would afford the plaintiff an adequate remedy, he cannot invoke the equitable aid of the Court. The plaintiff has the right to bring an action at law to recover damages for breach of the contract; he also had the right to invoke the aid of the Court in the exercise of its chancery powers. He, however, could not resort to both remedies. He elected to pursue the equitable remedy, and thereafter the jurisdiction of equity was exclusive. In a case of specific performance of contract the power of the Court to exercise its equitable jurisdiction is not dependent upon the adequacy of the remedy at law. *Hammond* v. *Foreman,* 48 S. C. 175, 26 S. E. 212; *Gregorie* v. *Bulow,* 9 S. C. Eq. (Rich. Eq.) Cas. (S. C.) 235; *Blackwell* v. *Ryan,* 21 S. C. 112. The exceptions raising this question are overruled.

Having reached the conclusion that the amount for which the defendant is liable is not to be determined as if the plaintiff had elected to bring an action at law for damages arising

out of a breach of the contract, the exceptions assigning error based upon the theory that the defendant was deprived of his legal remedies cannot be sustained.

In ordering the sale of the property, his Honor, the Circuit Judge, has followed the usual practice in cases of specific performance of contract. There was an appeal by the defendant from the order of his Honor, the Circuit Judge, in settling the case, but the defendant has failed to show that the order was prejudicial to his rights.

Judgement modified in the particular hereinbefore mentioned, as to interest, and in all other respects affirmed.

MR. JUSTICE FRASER did not participate in the consideration of this case.