Schmelzel v. Leecy.

Per Curiam. For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, and this opinion is adopted by and made the opinion of the court.

REVERSED.

George Schmelzel, appellant, v. E. J. Leecy, appellee.

Filed June 7, 1920.   No. 21068.

1. **Appeal: Directed Verdict.** In determining whether a peremptory instruction was justified, the party against whom the verdict is directed is entitled to have every controverted question of fact resolved in his favor, and to have the benefit of every inference that reasonably can be deduced from the facts in evidence.

2. **Brokers: Action for Commissions: Question for Jury.** In an action by a broker for commissions for a sale of real estate, the issue whether the plaintiff's efforts were the efficient procuring cause of the sale is ordinarily for the jury.

3. ———: ———: **Directed Verdict.** Where, in a broker's action for commissions, there was evidence tending to show that, after initiating the negotiations with the purchaser and bringing the parties together, the plaintiff, with the defendant's knowledge and without any revocation of his authority, continued his efforts to effect a sale until the land was sold, the fact that the sale was concluded through the medium of another broker will not warrant the trial court in holding, as a matter of law, that the plaintiff was not the efficient cause of the sale, and in withdrawing the case from the jury on that ground.

Appeal from the district court for Richardson county: John B. Raper, Judge. *Reversed.*

*John Wiltse* and *James E. Leyda,* for appellant.

*Kelligar, Ferneau & Gagnon,* contra.

Dorsey, C.

This is an action by a broker to recover a commission for the sale of land. The court directed a verdict for the

defendant, and from the judgment dismissing his action the plaintiff appeals. The action is founded upon a written contract authorizing the plaintiff to sell the land for $125 an acre, and providing that, if the plaintiff should sell the land or furnish the defendant a pur-chaser therefor, he should be entitled to a commission of $250.

Shortly after the contract was executed, the plaintiff, who was a real estate agent in Falls City, Nebraska, spoke to J. W. Neeld about the defendant's land and took him out to see it. The next day the defendant and the plaintiff met Neeld at the plaintiff's office and talked with him about buying the place. In this conversation the defendant expressed his willingness to accept $23,000, instead of $23,125, at which the land was listed, and the plaintiff agreed to reduce the commission speci-fied in the contract to $200. Mr. Neeld, however, stated that he wanted to look around before concluding the deal, and it was agreed that he might have a few days' time within which to make up his mind. A contract embodying the terms tentatively agreed upon was left by the defendant in a local bank, with directions to turn it over to Mr. Neeld, upon his making the first payment provided therein. Along with the contract the defendant deposited his check for $200, to be delivered to the plain-tiff when the deal should be closed and the contract taken up by Mr. Neeld.

A few days later the defendant inquired of the plaintiff, by telephone, whether Neeld had concluded to buy the land, and the plaintiff replied that he had not, and that he was still looking around. With regard to this telephone conversation occurs the principal con-flict in the testimony. The plaintiff testified that the defendant, when advised that Mr. Neeld had not yet de-cided to buy, said that thereafter he would not sell the land for less than $125 an acre. The defendant, on the other hand, testified that he told the plaintiff that the

deal was off, intending not only to withdraw his offer to reduce the price, but to terminate all further negotiations. Whatever may have been the purport of this conversation, the plaintiff informed Neeld that it would take $125 an acre to buy the land, and continued his efforts to induce him to make the deal. In the meantime the defendant decided to lease the land for the ensuing year, and entered into negotiations to rent it to one Zimmerman.

About three weeks, we infer, after the making of the contract sued upon, the defendant and Zimmerman went to the office of I. B. Whitaker, a real estate agent in Falls City, to have a lease drawn up. Mr. Neeld was in Whitaker's office, inquiring about farms for sale, when they came in. Having no one in the office to operate the typewriter, Whitaker suggested that the defendant go to another office to have the lease drawn up. After he left the office, Whitaker remarked to Neeld that he had made a mistake not to buy that farm, and Neeld told Whitaker to call the defendant back and see if it could not be bought. Whitaker, accordingly, went after the defendant, found that he was willing to sell, and came back and told Neeld the farm could be bought. A contract was immediately drawn up, and the land sold to Neeld for $125 an acre. The defendant paid Whitaker a commission for making the sale.

The plaintiff's contract was that he should sell or furnish the defendant a purchaser for the land. In order to entitle him to the compensation provided in the contract, he must show performance on his part; in other words, that he was the efficient, procuring cause of the sale. The trial court took the view that the evidence fails utterly to support that hypothesis, and that it shows, as a matter of law, that the plaintiff was not such procuring cause.

The peremptory instruction in favor of the defendant can be upheld only upon the theory that, if the case had been submitted to the jury, and the jury had adopted

the plaintiff's view of every controverted issue of fact, and had drawn every inference favorable to the plaintiff that reasonably could be deduced from the facts in evidence, proof of some essential element of the plaintiff's cause of action would still be wanting. In this case, accordingly, the jury, if they had adopted the plaintiff's version of the facts, might have found that he had a valid contract of employment as agent to sell or to find a purchaser for the property; that he introduced to the defendant the man who finally bought the property; that the plaintiff at no time abandoned the employment, or gave up trying to induce the purchaser to buy, but continued his exertions down to the very day of the sale; that, with full knowledge of the plaintiff's efforts, the defendant did not revoke or terminate his authority, although, after he was informed in the telephone conversation that Neeld had not yet decided to buy, he insisted that he should have $125 an acre for the land; and that, until Whitaker mentioned the land to Neeld on the day it was sold, no agent other than the plaintiff had approached him on the subject.

Viewing the evidence from the plaintiff's standpoint, the jury might have concluded that, after the plaintiff's efforts had created a favorable disposition in Neeld's mind, the sale was finally made, not through the influence of Whitaker, but as the result of the accidental circumstance that Neeld happened to overhear the defendant speaking about leasing the land in Whitaker's office, and saw that he must act at once or lose his chance to buy the land.

The controlling question, therefore, is whether, under that state of facts, the plaintiff's right to his commission will, as a matter of law, be defeated by the fact that another agent, through a fortuitous circumstance arising without design or effort on his part, was enabled to intervene and effect the sale. Counsel for the defendant rely upon *Higinbotham v. McKenzie*, 88 Neb. 323, in which this court, in the syllabus, has said: "When the

owner of real estate authorized several respective brokers or agents to sell or exchange the same, but gives neither an exclusive agency, the agent or broker who actually effects the sale or exchange is entitled to the commissions. The agent under such contract who negotiates with a purchaser, but does not effect a sale, cannot recover commissions.''

In that case the land had been listed by the owner with several brokers, among them the plaintiffs and another firm to which the defendant had paid the commission for making the sale. The plaintiffs sued the owner, claiming that the exchange of properties had been effected through their efforts. The issue was submitted to the jury, who returned a verdict for the defendant owner.

It is contended by counsel that the language of the syllabus, ''The agent or broker who actually effects the sale or exchange is entitled to the commissions,'' and that the agent ''who negotiates with a purchaser, but does not effect a sale, cannot recover commissions,'' means that, regardless of any preliminary efforts put forth by an agent, or of the influence of such efforts in the chain of causation leading to the final consummation of the sale, he is not entitled to his commission, unless he participates in the act or contract by which the sale is finally evidenced, and that if, as did Whitaker in this case, another agent intervenes and consummates the sale, the latter is to be conclusively regarded, in law, as the procuring cause.

We cannot so interpret the language of *Higinbotham v. McKenzie, supra,* in view of the issues presented therein. The question whether the plaintiffs, or other agents, were the procuring cause of the sale had, in that case, been submitted to the jury, and the jury had found against the plaintiffs. Upon their appeal, they argued in this court that they were entitled to recover upon proof merely that they had brought the defendant and the purchaser together, and that the parties afterwards had made the exchange of properties. This court held

that another element must be shown, namely, that the plaintiffs, through their efforts, had "effected the exchange," and it was to that point that the statement of law in the syllabus was directed.

This court did not undertake to define and limit the meaning of the word "effect," or to say that it could include only the bringing of the negotiations to a conclusion by the execution of a contract, excluding every preliminary step. It was not intended, in that case, to lay down the ironclad rule that, in every case where a commission for effecting a sale was claimed, the court should look only to the termination as evidenced by the actual contract of sale; nor was it held that, whenever the agent, however diligent and effective his work may have been, had been circumvented or superseded at the end by another agent, it would be the duty of the court to direct the jury to find against him.

We fully agree with the proposition stated in *Crain v. Miles,* 154 Mo. App. 338: "Where an agent sets on foot a sale of property which wholly fails, and after such failure another agent steps in and makes the sale to the parties negotiated with by the first agent, if the first agent has shown his inability to make the sale, and even though there is a possibility that the work of the first agent made some impression or had something to do with the sale," the first agent is not entitled to compensation. If, without effecting an agreement or accomplishing a bargain, he abandons the effort, or his authority is fairly and in good faith terminated, he gains no right to commission, although what he has done proves of use or benefit to the principal, who afterwards consummates the sale with the same purchaser through another agent. *Sibbald v. Bethlehem Iron Co.,* 83 N. Y. 378; *Livezy v. Miller,* 61 Md. 336.

It is equally true, however, that, if the sale is directly attributable to the broker originally employed, his right to commissions cannot be defeated by the mere fact that the transaction was finally consummated through

the medium of another broker. *Masters v. Hunt,* 197 S. W. (Tex. Civ. App.) 219; *Cunliff v. Hausman,* 97 Mo. App. 467. We are clearly of the opinion that neither the fact that the negotiations were commenced by one broker, nor the fact that they were closed by another, is, as a matter of law, alone decisive of the issue, but that where the plaintiff, as in the instant case, shows, by the evidence adduced in his behalf, that he introduced the purchaser to the defendant, and at no time abandoned his efforts to make the sale, and that the defendant, with knowledge of his efforts and without terminating his authority, concluded the sale through another agent, the controversy as to whether the plaintiff was the efficient, procuring cause of the sale is for the jury. *Votaw v. McKeever,* 76 Kan. 870.

We recommend, therefore, that the judgment of the court below be reversed and the cause remanded.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, and this opinion is adopted by and made the opinion of the court.

REVERSED.