No. 32,788

FRANK L. STOWELL, *Appellee*, v. THE GARDEN CITY NEWS CORPORATION, *Appellant*.

(57 P. 2d 12)

*Robert S. Field,* of Syracuse, and *Henry O. Trinkle,* of Garden City, for the appellant.

*C. E. Vance, Clifford R. Hope* and *A. M. Fleming,* all of Garden City, for the appellee.

The opinion of the court was delivered by

THIELE, J.: The defendant corporation appeals from a judgment awarded plaintiff for unpaid salary.

Prior to May 1, 1929, one Busenbark owned a printing establishment at Garden City, Kan., and published The Garden City *News.* At the same time plaintiff was engaged in the publication of a magazine and owned certain equipment and property connected with his business. On that date they entered into an agreement whereby each sold to the other a one-half interest in his business, and they became equal partners in publishing the newspaper and the magazine. We are not concerned with the terms of the contract further than it provided:

"Each of the parties hereto shall be entitled to draw from the profits of said business (if sufficient for the purpose) the sum of $250 per month as and for their personal salaries."

and made provision for excess withdrawals not here important. It was further provided:

"It is contemplated that the parties hereto may incorporate said business at some future date, and upon such incorporation it will be the purpose and intention of conveying and transferring to the corporation the aforesaid business and property, and the parties hereto will take in payment therefor the capital stock of said corporation. It is agreed that such stock, when issued, shall be equally divided between the parties hereto, but if . . ."

The contract then referred to the stock standing as security for any amounts remaining due from Stowell to Busenbark growing out of the mutual sales first mentioned. Each further agreed he would not sell his shares to any third person without giving the other fair opportunity to purchase at the offered price.

On May 31, 1931, the business was incorporated under the name of the Garden City News Corporation. Salary withdrawals continued as before, there being no definite system, each drawing at will.

On November 13, 1934, plaintiff brought his action against the corporation, alleging he was employed by defendant, at a salary of $250 per month, and that there was a balance due him of $2,915.06,

and interest. Defendant's answer admitted incorporation and denied it ever employed plaintiff; alleged that plaintiff was a director of defendant corporation and was vice-president and one of the managing officers thereof. Otherwise it denied plaintiff's allegations. We mention a second cause of action and defendant's counterclaim only to say there is no appeal from the judgment insofar as they are concerned.

On trial of the action, plaintiff offered the above contract. Other evidence was offered, and it may be said there was no proof of express ratification of the above contract so far as salaries were concerned, nor any proof of any other agreement with respect to salaries. During the course of the trial it was suggested by the court, and agreed to by plaintiff and defendant, that an audit of the books be made to determine what had been done with reference to payments to Stowell and Busenbark by the defendant corporation. That audit showed and the court found that each had drawn salaries and other amounts; that Busenbark had overdrawn; that the profits were not available to pay salaries in full, and that giving effect to overdrawals by Busenbark and shortage of profits, there was due to plaintiff a sum, which with interest on May 15, 1935, amounted to $1,534.75, and judgment for that amount was rendered in favor of plaintiff and against the defendant corporation.

Defendant appeals, assigning as error that the court erred in admitting the contract in evidence, in overruling its demurrer to plaintiff's evidence, and in rendering judgment in favor of plaintiff. It also assigns error in that the court erred in admitting evidence of implied contract. As to the last assignment, it needs no discussion further than to say the trial court struck out all evidence as to value of services as on *quantum meruit*, and decided the cause upon the contract. Substantially, the only question presented is whether the corporation was responsible for salary under the contract made between the parties on May 1, 1929, prior to the incorporation.

The appellant argues in its brief that the contract is not binding, and that if appellee is entitled to recover it is only on *quantum meruit*, while appellee insists the corporation, by its course of conduct, in effect adopted the partnership contract insofar as salaries are concerned.

Much confusion will be found in the authorities bearing on the question of the liability of a corporation for debts of a partnership which it succeeds or whose assets it acquires. In some of the cases

the rights of creditors, who were not partners, are involved. In others, an existing corporation has purchased partnership assets, in others elements of fraud are involved. There is also involved the question of express assumption of all or part of the obligations of the partnership. These elements are lacking in the case at bar.

We are concerned with a partnership contract specifically providing for salaries, contemplating incorporation and division of stock in exact accord with the shares in the partnership, and even providing to an extent for sale of stock to a third person.

In 8 Fletcher on Corporations, (Perm. ed.) § 4014, p. 406 *et seq.*, it is said:

"So a corporation formed by and consisting of the members of a partnership, which takes a conveyance or assignment of all the assets of the partnership for the purpose of continuing the business, is presumed to have assumed the partnership debts and is prima facie liable therefor. This is certainly the better rule where it appears that no consideration has been paid for such assets or property other than the issuance of stock in the corporation and where the corporation has no other property or assets than those so acquired, and where, to use the apt words of some cases, the members of the partnership may be said to have simply put on a new coat, or taken on a corporate cloak, and the corporation is a mere continuation of the partnership. The rule is in accordance with the tendency of decisions to disregard the mental conception that a corporation is an entity separate from its corporators, as in many instances it is simply a 'stumbling block' in the way of doing justice between real persons. The principle that the fiction of corporate entity will be disregarded by the courts and looked beyond when the ends of justice require it will be applied when the partners seek to evade and avoid their individual obligations."

In 7 R. C. L. 85 (Corporations, § 63) appears the following:

"And it is held that if, for the purpose of continuing a business, it is changed from a partnership to a corporation, the latter taking all the property of the partnership, by the members of the firm transferring their respective interests therein to the corporation, and receiving a like interest in the capital stock of the company in consideration of the transfer, and the parties remain the same, the debts of the firm become the debts of the corporation, which is answerable therefor, whether it has expressly assumed them or not. Such a transaction is not a sale of property by one to another. The corporation cannot retain the property and repudiate the liability."

Other authorities dealing with the subject are 14 C. J. 305 (Corporations, § 368) and 4 Thompson on Corporations (3d ed.) §§ 2436, 2438, pages 20 to 22, inclusive; and see the leading case of *Andres v. Morgan, Trustee,* 62 Ohio St. 236, 56 N. E. 875; 78 A. S. R. 712.

The question of rights and liabilities arising from the incorporation of a partnership, under circumstances similar to that now before us, does not seem to have been considered heretofore by this court—the briefs of the parties cite no cases and our search has disclosed none.

It may be said that the contract for wages is not a debt. It was a binding contract, however, as long as the partnership persisted. The partnership contract contemplated incorporation and division of the stock according to the interests in the partnership; it contemplated acquisition of the partnership assets. All that was done. While that contract made no provision for assumption by the corporation of the salary contract, it likewise made no provision that would rebut the presumption the owners would be entitled to the same pay from the corporation they were receiving from the partnership. There is no showing the corporation ever adopted any resolution as to salaries of either plaintiff or his former partner, Busenbark, or anyone else. Although it is undisputed that each former partner did draw salary after the incorporation, one received more than his due, the other less, but the original contract contemplated that. And there seems to have been no objection by the corporation or its board of directors. Whether it be said the corporation ratified the original contract is not of great importance, for it clearly appears the corporation was a mere continuation of the partnership, and that so far as plaintiff's employment was concerned, it continued without interruption. By course of conduct the corporation adopted the contract of employment, and cannot now be heard to say that Stowell is relegated to an action as on *quantum meruit.*

In our opinion, the trial court correctly decided the cause, and its judgment is affirmed.