## ROWAN v. HARBURNEY OIL CO. et al.
### No. 1508.

Circuit Court of Appeals, Tenth Circuit.
June 15, 1937.

Robert S. Eastin, of Kansas City, Mo. (R. B. Caldwell and McCune, Caldwell & Downing, all of Kansas City, Mo., on the brief), for appellant.

L. P. Brooks, of Wichita, Kan., for appellees.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

On September 21, 1935, Harburney Oil Company, a Kansas corporation, filed its petition under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). The court approved the petition and appointed a trustee. The trustee gave notice of an order entered on October 16, 1935 directing all creditors and claimants to file their claims within sixty days from that date. On July 24, 1936, Rowan filed an application for leave to file an intervening petition accompanied by a copy of such petition. The court sustained the trustee's objection to the application to intervene. Thereupon Rowan amended his intervening petition and renewed his application. The court again sustained the trustee's objection and denied the application. Rowan has appealed.

The application and the amended petition in intervention, made a part of the application by reference, alleged these facts:

On November 17, 1934, G. K. Harris and J. F. Burton were the owners of interest in oil and gas leases on three tracts of land in Rice and Harvey Counties, Kansas, particularly described in the amended petition in intervention. Frank C. Harvey was the owner of the legal title to such leases. On November 17, 1934, Harris and Burton entered into a contract with Rowan whereby Harris and Burton agreed to transfer an interest in the leases to Rowan in exchange for an automobile truck.

The contract was evidenced by the following written memorandum:

"Nov. 17, 1934.

"For value received I agree to deliver to C. G. Rowan a 1/128th in Rice Co. 80 & well, a 1/128th in Harvey Co. 80 & well & a 1/8th interest in Harvey Co. 80 as described in the attached agreement. I also agree to deliver a contract to C. G. Rowan that I will pay him $1,000 cash for the above interest if either property comes in as a commercial well.

"G. K. Harris,

"J. F. Burton."

Attached thereto was a prospectus which in part read as follows:

"The oil properties on which operations have started are outlined as follows:

"1. An eighty (80) acre lease in Rice County, Kansas, described as follows: The West Half (W½) of the Northeast Quarter (NE¼) of Section Thirty two (32) Township Nineteen South (19 S) Range Ten West (10 W).

"2. An eighty (80) acre lease in Harvey County, Kansas, described as follows: West Half (W½) of Southeast Quarter (SE¼) of Section Twenty Four (24) Township Twenty Two South (22 S) Range Three West (3 W).

"3. A one 80 (80) acre lease in Harvey County, Kansas, described as follows: Northeast quarter (NE¼) of Section Twenty Three (23) Township Twenty Two South (22 S) Range Three West (3 W)."

The contract was entered into with the knowledge of Harvey and was recognized and confirmed by Harvey by a letter to Rowan dated November 20, 1934.

Rowan delivered the truck pursuant to the agreement. Thereafter, Harvey, Harris and Burton organized the Oil Company and conveyed all their interests in the leases to the Oil Company, and it now holds the legal title thereto.

Harvey, Harris and Burton were the promoters of the Oil Company and the con-

tract for the truck was entered into by them for the benefit of the corporation to be formed. After the formation of the Oil Company, the truck was transferred to it by Harris and Burton. Harvey was president and director and Burton and Harris were directors of the Oil Company when the leases were transferred to it and at the time of such transfer, each of them had knowledge of the Rowan contract.

The petition in intervention prayed for specific performance of the contract.

The trustee objected to the application for leave to intervene on the following grounds:

1. That the petition was not filed in the time allowed by the court.

2. Notice to the Debtor of Rowan's equity was not sufficiently pleaded.

3. Rowan has an adequate remedy at law.

4. The contract is too indefinite to be enforced and is barred by the Statute of Frauds.

5. The petition fails to state a cause of action.

In Demulso Corporation v. Tretolite Co. (C.C.A.10) 74 F.(2d) 805, 807, the court said:

"Petitions of third parties to intervene in pending litigation are generally within the discretion of the trial court, and orders denying the same are not final nor appealable, unless the petitioner has a direct interest in the subject of the suit which may be asserted or protected only by intervention in the pending suit; in that event, his right to intervene is absolute; an order denying his petition disposes of his asserted right, and is final and appealable. * * *

"In Credits Commutation v. United States, 177 U.S. 311, 315, 20 S.Ct. 636, 638, 44 L.Ed. 782, cited in the Canneries Case [(U. S. v. California Co-op. Canneries), 279 U.S. 553, 49 S.Ct. 423, 73 L.Ed. 838], the court, after stating the general rule that the denial of petition to intervene is not a final order and not appealable, held:

"'It is doubtless true that cases may arise where the denial * * * * of a third party to intervene therein would be a practical denial of certain relief to which the intervener is fairly entitled, and which he can only obtain by an intervention. Cases of this sort are those where there is a fund in court undergoing administration to which a third party asserts some right which will be lost in the event that he is not allowed to intervene before the fund is dissipated. In such cases an order denying leave to intervene is not discretionary with the chancellor, and will generally furnish the basis for an appeal, since it finally disposes of the intervener's claim by denying him all right to relief.' "[1]

The instant case falls clearly within the exception to the general rule.

Section 77B (c), Bankr.Act (11 U.S.C.A. § 207 (c) requiring the fixing of a reasonable time for filing claims by creditors and stockholders does not apply to adverse claims to property in the hands of the trustee. Furthermore, the point is not urged in the brief and must be deemed to be abandoned.

In Kansas an oil and gas lease is an incorporeal hereditament and both legal and equitable interests in hereditaments are embraced in the term land.[2]

Jurisdiction in equity to compel specific performance of a contract for the sale of land is firmly established; and the inadequacy of the remedy at law for damages need not be shown; it will be presumed as a matter of law.[3]

[1] See, also, United States Trust Company v. Chicago Terminal T. R. Co. (C.C.A. 7) 188 F. 292, 296; Board of Commissioners of Sweetwater County v. Bernardin (C.C.A. 10) 74 F.(2d) 809, 815, 816.

[2] Huston v. Cox, 103 Kan. 73, 172 P. 992; National Supply Co. v. McLeod, 116 Kan. 477, 227 P. 350; Gen.Stat. Kan. 1935, 77-201.

[3] Pomeroy's Specific Performance of Contracts (3d Ed.) § 10; Kann v. Wausau Abrasives Co., 81 N.H. 535, 129 A. 374, 378; F. B. Norman Co. v. E. I. Du Pont de Nemours & Co., 12 Del.Ch. 155, 108 A. 743, 746; Janiszewski v. Shank, 230 Mich. 189, 202 N.W. 949, 950; Clark v. Cagle, 141 Ga. 703, 82 S.E. 21, 22, L.R.A.1915A, 317; Singleton v. Cuttino, 107 S.C. 465, 92 S.E. 1046, 1047; Dollar v. Knight, 145 Ark. 522, 224 S.W. 983, 984; Larrabee v. Bjorkman, 79 Or. 467, 155 P. 974, 976; Spencer v. Bales, 108 Or. 339, 216 P. 746, 748; Dean v. Brower, 119 Cal.App. 412, 6 P.(2d) 580, 581; Danciger Oil & Refining Co. v. Burroughs (C.C.A. 10) 75 F.(2d) 855, 858; Williams v. Cow Gulch Oil Co. (C.C.A. 8) 270 F. 9, 11.

Section 33-106, Gen.St.Kan., 1935, in part, reads:

"No action shall be brought whereby to charge a party * * * upon any contract for the sale of lands, tenements, or hereditaments, or any interest in or concerning them; * *˙ * unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith."

The memorandum agreement with Rowan was signed by Harris and Burton, the parties to be charged and was fully performed by Rowan. That satisfied the statute.[4]

While the memorandum does not describe the leases with certainty, it referred to the attached prospectus for a particular description and the leases are definitely described in the prospectus. The memorandum may consist of several writings, even if they are not all signed, if they are incorporated by reference into the signed agreement.[5]

Harvey, Harris and Burton were the promoters of the Oil Company. Each of them were directors and Harvey was president of the Oil Company at the time the leases were transferred to it. The Rowan contract was entered into for the benefit of the Oil Company. Two of the directors were parties to that contract and the other director and president of the Oil Company had full knowledge respecting such contract. It is idle to argue under such circumstances that the Oil Company was not charged with notice of Rowan's rights under the contract.[6]

We conclude the petition in intervention stated a good cause of action for specific performance and that the application to intervene should have been granted.

Reversed and remanded with instructions to grant Rowan's application to intervene.

[4] Wiley v. Hellen, 83 Kan. 544, 112 P. 158, 159; Guthrie v. Anderson, 47 Kan. 383, 28 P. 164, 165.

[5] Blue Valley Creamery Co. v. Consolidated Products Co. (C.C.A. 8) 81 F. (2d) 182, 187; Schneider v. Anderson, 75 Kan. 11, 88 P. 525, 526, 121 Am.St. Rep. 356; Beckwith v. Talbot, 95· U.S. 289, 291, 292, 24 L.Ed. 496; Morris Furniture Co. v. Braverman, 210 Iowa, 946,

230 N.W. 356, 358; Herman Bros. Co. v. Wacker, 96 Neb. 102, 147 N.W. 127, 128; Freeland v. Ritz, 154 Mass. 257, 28 N.E. 226, 227, 12 L.R.A. 561, 26 Am.St. Rep. 244.

[6] See Contractors' Machinery & Storage Co. v. Stewart, 177 Wash. 263, 31 P. (2d) 546; Stowell v. Garden City News Corporation, 143 Kan. 840, 57 P.(2d) 12.