RONALD ABBOUD, DOING BUSINESS AS COMMERCIAL REALTY, APPELLANT, V. CIR CAL STABLES, A PARTNERSHIP, ET AL., APPELLEES.

208 N. W. 2d 682

Filed June 22, 1973. No. 38906.

Richard D. Myers of Matthews, Kelley, Cannon & Carpenter, for appellant.

John E. North and Dennis E. Martin of McGrath,

North, Nelson, Dwyer & O'Leary, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action to recover a real estate broker's commission. On demurrers judgment was entered for defendants. We affirm.

The petition alleges that on December 18, 1970, defendants listed a 29-acre tract of real estate with plaintiff. The agreement provided that: "In consideration of your *showing* * * * to Girls Town and Church, * * *," a 6 percent commission would be paid if sale to them were consummated within 1 year. (Emphasis supplied.) "Price: $12,000.00 per acre." Apparently a sale was not effected to the parties mentioned and the petition further alleges a modification of the agreement as follows: "Listing on 30 acres on 132nd St. Approx 30 acres S 668′ W ¾ NW ¼ except cemetery to Agent Charles O. Neese for only Omaha Jewish Community Center, at $13,000 per acre. By Agent Charles O. Neese

4-13-71

/s/ S. A. CIRCO."

It was also alleged that plaintiff showed the property to the Omaha Jewish Community Center, that defendants sold the property to the Center for $317,500, that Charles O. Neese was an agent of plaintiff, that S. A. Circo and Paul J. Circo were partners in Cir Cal Stables, a partnership, and that S. A. Circo was acting as their agent.

Did the two listings constitute one contract or two separate contracts? Assuming that the first lising perhaps satisfied the requirements of section 36-107, R. R. S. 1943, a sale thereunder was not effected. The second listing, standing alone, is void for failure to set forth the compensation to be allowed the broker.

Ordinarily a modification or amendment of a contract incorporates only minor changes. Here the changes

relate to major items of substance. It is conceded that both listings refer to the same property but there is no reference in the second listing to the first one. Charles O. Neese is referred to as "Agent." The contract does not make it clear whether this means he was an agent of plaintiff or simply a real estate agent. The price per acre was $1,000 higher in the second listing. The first listing required only a "showing" to entitle plaintiff to a commission in the event of a sale of the property. Strictly according to its terms, plaintiff could have collected even though a sale was effected by some other broker. This was not an exclusive listing. The second contract is apparently in line with the ordinary requirement that an actual sale be effected by plaintiff himself. If plaintiff's theory that the second listing is simply a modification or amendment of the first is adopted, then it also amended the contract in this respect and plaintiff has failed to allege that the subsequent sale was effected through his efforts. Obviously, this is not an instance wherein plaintiff broker produced a purchaser. Defendants were aware at the time of the listing that the Center was a possible purchaser and the contract does not bar a sale by defendants themselves or by other real estate brokers. The sale was for a less sum than that specified in either listing but there is no allegation of a further modification in this respect.

The second listing is in long hand. Plaintiff alleges that it is signed by Charles O. Neese. If so, he must have drafted the instrument since his name appears only in the body of the instrument. If, as alleged, Neese was plaintiff's agent, then the instrument must be deemed to have been drafted by plaintiff. Where there is a question as to the meaning of a contract, it is to be construed most strongly against the party preparing it. See Podewitz v. Gering Nat. Bank, 171 Neb. 380, 106 N. W. 2d 497.

In a situation such as is here presented the parties may have effectuated the new understanding either by amendment of the former contract or by a new and

separate listing. The second listing has all the essentials of a new independent contract except for the failure to mention the amount of the commission to be paid. As mentioned, it fails to refer to the original contract or in any way indicate it is a modification and not a separate contract. In a sense this is a patent ambiguity and must be resolved against the plaintiff who drew the contract.

It is held in Schmelzel v. Leecy, 104 Neb. 672, 178 N. W. 267, that: "The plaintiff's contract was that he should sell or furnish the defendant a purchaser for the land. In order to entitle him to the compensation provided in the contract, he must show performance on his part; in other words, that he was the efficient, procuring cause of the sale." See, also, Starbird v. McShane Timber Co., 94 Neb. 79, 142 N. W. 683. The petition is lacking any such allegation. A broker's petition for recovery of a brokerage commission which fails to allege that he was the efficient, procuring cause of the sale of the land fails to state a cause of action. See, Myres v. Seward, 238 Miss. 520, 118 So. 2nd 864: Spilky v. McDonald, 94 Ill. App. 2d 411, 236 N. E. 2d 907; Dowling v. Wheeler-Kelly-Hagny Trust Co., 152 Kan. 322, 103 P. 2d 866.

"While writing consisting of several separate documents may satisfy statute of frauds, fact that each is a part of total writing relied upon must be shown either by express references in documents or from contents of documents, but, in attempting to satisfy statute of frauds, fact that two or more writings constitute part of an entire written agreement may not be shown by parol." Frostwood Drugs, Inc. v. Fischer & Frichtel Constr. Co. (Mo.), 352 S. W. 2d 694. See, also, Herman Brothers Co. v. Wacker, 96 Neb. 102, 147 N. W. 127; Gruss v. Cummins (Tex. Civ. App.), 329 S. W. 2d 496.

We conclude that the demurrers to plaintiff's petition were properly sustained.

AFFIRMED.