(93 South. 820)

## Ex parte RAWLS.

## RAWLS v. CARLISLE & BASTON.

### (4 Div. 995.)

(Supreme Court of Alabama.   June 30, 1922.
Rehearing Denied Oct. 12, 1922.)

Brokers ⬥⟳57(2)—Refusal to instruct that, if owner did not know of broker's instrumentality, broker was not entitled to commission, held error, where owner sold on terms less advantageous than broker was to procure.

In a real estate broker's action for commissions, refusal to give instructions to the effect that, if the owner sold to the purchaser in ignorance of the fact that the brokers had been instrumental in bringing the owner and the purchaser into negotiations, the brokers were not entitled to commissions, was error, where the owner sold on terms different from those in the contract by which the brokers were to procure a purchaser and for aught appearing less advantageous than those the broker was to procure.

Certiorari to Court of Appeals.

Petition of J. Rawls for certiorari to the Court of Appeals to review and revise the judgment and decision of said court in the case of J. Rawls v. Carlisle & Baston, 93 South. 818.[1]   Writ granted, and reversed and remanded.

The charges referred to in the opinion, the refusal of which is assigned for error by petitioner, read as follows:

(1) "If the jury believe from the evidence in the case that when Mr. Bell saw Capt. Rawls about the sale of his lands he was acting for himself, or for himself and his partner, as a prospective purchaser, and not as a broker or as a subagent of Carlisle & Baston, the plaintiffs, then the verdict should be for the defendant."

(2) "Unless Mr. Bell made known to Capt. Rawls that in the transactions between them in relation to a sale of the lands he was acting for Carlisle & Baston in an effort to find a purchaser for the lands, then the plaintiffs cannot recover by reason of the alleged efforts of Bell to effect a sale of the lands to Warren."

(3) "Before the plaintiffs could become entitled to commissions, it was the duty of the plaintiffs to report to defendant that they had made a sale of the lands or found a purchaser who was able, ready, and willing to buy the lands of the defendant, and unless the evidence reasonably satisfies the jury that the plaintiffs reported Mr. Warren as such a purchaser to the defendant, then the plaintiffs cannot recover."

<hr>

⬥⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 18 Ala. App. 644.

(4) "Unless Mr. Warren was reported to defendant by plaintiffs or their agent as a prospective purchaser of defendant's lands before defendant made the sale and conveyance to Mr. Warren, then the plaintiffs cannot recover."

W. W. Sanders, of Elba, for petitioner.

In agencies of the class here involved, the agent may employ a subagent in consummating the sale, and, where sale is effected through the subagent, may recover compensation, provided he disclosed to the owner the fact. 9 C. J. 566; 22 Ind. App. 294, 53 N. E. 790. The broker must notify the principal; when he has found a customer, and of the offer made by him; else he is not entitled to a commission. 200 Ala. 666, 77 South. 40; 9 C. J. 615; 206 Ala. 236, 89 South. 590; 177 Ala. 626, 59 South. 273; 152 Ala. 549, 44 South. 650; 55 Fla. 346, 45 South. 1011.

Fleming & Yarbrough, of Enterprise, and Sollie & Sollie, of Ozark, opposed.

If the broker is to procure a purchaser on specified terms, and does procure one who is able, ready, and willing to buy on those terms, he is entitled to compensation. What amounts to the procurement of a purchaser is a question of fact, and it is enough that the efforts of the broker are the efficient cause of the offer to purchase. 177 Ala. 636, 59 South. 286; 117 Mich. 277, 75 N. W. 612, 45 L. R. A. 33; 19 Cyc. 242; 73 Ala. 372; 86 Ala 146, 5 South. 473; 86 Ala. 151, 5 South. 157; 84 Ala. 100, 4 South. 180. It is not ordinarily material to the question of the broker's right to compensation that his principal did not know the purchaser whom he has accepted was procured by the broker. 177 Ala. 636, 59 South. 286; 181 Iowa, 210, 164 N. W. 335, 1 A. L. R. 523.

PER CURIAM. The Court of Appeals has stated the case. On the case so stated this court is of opinion that appellant Rawls was entitled to the several instructions requested by him in writing, to the effect that, if he sold to Warren in ignorance of the fact that appellees had been instrumental in bringing them (Rawls and Warren) into negotiation, then appellant was entitled to a verdict; this for the reason that Rawls had sold to Warren on terms different from, and, for aught appearing, less advantageous than, those on which by their contract appellees were to procure a purchaser; for the purchaser had refused to buy on the terms specified between the parties. Appellees undertook to effect a sale on prescribed terms. Appellant sold on different terms, for a different consideration. There was no bad faith on the part of appellant, for the hypothesis of the instructions is that he did not know that the purchaser had been sent to him by appellees. It may be assumed that he got

the best terms obtainable; but he could not get the price at which he had authorized appellees to find a purchaser. In the case thus hypothesized it was the duty of appellees, if they intended to claim commissions on a sale at different terms, to notify appellant vendor in order, as said in Handley v. Shaffer, 177 Ala. 654, 59 South. 286, that he might protect his own as well as appellees' interest by declining to deal on different terms or by so dealing as to make due allowance for appellees' commissions. To the same effect is the case of Dancy v. Baker, 206 Ala. 236, 89 South. 590. This rule commends itself to us as being just and sound.

Certiorari awarded. Reversed and remanded.

ANDERSON, C. J., and SAYRE, GARDNER, THOMAS, and MILLER, JJ., concur.