[Civ. No. 4239. Second Appellate District, Division One.—May 22, 1924.]

## LICHTIG & ROTHWELL, INC. (a Corporation), Appellant, v. WESLEY RUGGLES, Respondent.

[1] BROKER'S COMMISSIONS—SECURING OF EMPLOYMENT FOR MOTION PICTURE PRODUCER—TERM OF EMPLOYMENT—FINDING—EVIDENCE.— In an action by a broker to recover commissions which defendant agreed to pay to plaintiff for having secured for the former an engagement with a moving picture firm, there having been evidence that the defendant was employed to produce one picture only, and that after approval of this picture by the officers of the moving picture firm, he was employed to produce a second picture, and later on he was employed on a third, and at the time of the first employment nothing was said about employing defendant for the second and third pictures, a finding by the trial court to the effect that the engagement obtained by plaintiff for defendant endured for the time until the first picture was finished, and no longer, was authorized and supported and must prevail upon appeal, even though there was other evidence to the effect that defendant's employment was one continuous engagement covering all three pictures.

[2] ID. — STATEMENT OF COMMISSIONS — FAILURE OF DEFENDANT TO REPLY—EVIDENCE—APPEAL.—In such action, the failure of defendant to reply to the statement sent him by plaintiff wherein the latter claimed commission beyond the period covered by the time employed on the first picture is, as contended by plaintiff,

---

1.  See 4 Cal. Jur. 561; 4 R. C. L. 251.
2.  See 10 Cal. Jur. 1172; 2 R. C. L. 194.

a strong circumstance against defendant's contention that his engagement was only for the first picture, yet this evidence must be taken in connection with all of the other evidence in the case, and if the evidence taken as a whole shows there is a substantial conflict therein upon any particular issue, and this issue is found against the plaintiff, such finding must be sustained by the appellate court.

[3] Id. — Subsequent Employment — Producing Cause—Finding — Evidence.—In such action, the finding of the trial court that the efforts of the plaintiff were not the producing cause of the subsequent employment of the defendant for the production of the second and third pictures was sustained by the evidence, which showed that before the defendant had finished the first picture he applied to the moving picture company for further employment and was informed by the manager that it would be neces sary for certain officers of the company to see the first picture and approve it before they could consider employing defendant on a second picture, and that after the first picture was finished it was reviewed by the officers of the company and approved by them, and they then gave defendant further employment, the second employment having been agreed to some six weeks after defendant was introduced to the officers of the company by plaintiff.

[4] Id.—Quantum Meruit—Judgment—Pleading—Evidence.—In such action, the complaint having nowhere sounded in *quantum meruit*, and there not having been any attempt at the trial to prove the reasonable value of the services rendered by the plaintiff, the contention of plaintiff that if denied recovery upon the contract, yet it should have been given judgment for the full amount of its claim upon the count of *quantum meruit* set forth in the second cause of action of its complaint, cannot be sustained.

(1) 9 C. J., p. 655, sec. 127.    (2) 4 C. J., p. 883, sec. 2855.    (3) 9 C. J., p. 656, sec. 127.    (4) 33 C. J., p. 1142, sec. 87.

APPEAL from a judgment of the Superior Court of Los Angeles County.   J. P. Wood, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Loyd Wright for Appellant.

Bauer, Wright & Macdonald, Frederick W. Williamson and Alexander Macdonald for Respondent.

4.   See 3 Cal. Jur. 384; 2 R. C. L. 761.

CURTIS, J.—Plaintiff is a corporation engaged in acting as agent and broker for actors, directors and others following the theatrical and moving picture business. The defendant is a moving picture director, and during the first part of October, 1920, he applied to the plaintiff and asked the latter to obtain employment for him. Mr. Litchtig, the president of plaintiff, thereafter had several conversations with Mr. Vieiller, the production manager of the Metro Pictures Corporation, regarding the employment of defendant, and on October 6, 1920, he introduced the defendant to Mr. Vieiller at the Metro Studio. As a result of this meeting the defendant, on October 6, 1920, entered the employ of the Metro Pictures. Corporation at a salary of $850 per week. His first employment with this company was in the production of the picture known as "The Greater Claim." This picture was finished on November 30th, 1920, and the defendant then began the production of a second picture, and, later on, of a third picture. Defendant was employed continuously on the production of these pictures from October 6, 1920, to March 30, 1921, at the same salary as mentioned above. On October 6, 1920, the defendant wrote plaintiff a letter, which, omitting the formal parts, was as follows: "I recognize that your office was instrumental in securing the engagement for me at the Metro Studios, as the result of your call of recent date. For your efforts in this direction, I agree to pay you the customary agent's fee of ten per cent weekly of the money I receive for this engagement." Defendant made several payments to plaintiff on account of the commission due from him to plaintiff, aggregating the sum of $467.50, the last of these payments being for $170, and was made on or about December 21, 1920. On December 23, 1920, the plaintiff made written acknowledgment of this last payment and enclosed to defendant a statement of account for commission of ten per cent on defendant's salary from October 6, 1920, to and including the week ending December 18, 1920, less such payments as had been made thereon. Defendant made no written reply to this statement, but after its receipt spoke to Mr. Lichtig regarding the same.

This action was instituted to recover from defendant commission on his salary during the entire period of his employment by the Metro Pictures Corporation, that is, from October 6, 1920, to March 30, 1921. The court found that plaintiff obtained an engagement for the defendant with

the Metro Pictures Corporation, and that said engagement endured from October 6, 1920, to and including November 30, 1920, and no longer, and upon this finding awarded judgment in favor of plaintiff for ten per cent of the salary received by defendant during this engagement, and denied judgment for any further amount. Plaintiff appeals from that portion of said judgment which denied recovery for the full amount of its demand.

It is plaintiff's contention that the evidence shows without contradiction that the understanding between the parties, at the time of defendant's employment, was that defendant was engaged to direct the production of an indefinite number of pictures, and that this engagement was to continue so long as his services were satisfactory to the Metro Pictures Corporation. Plaintiff therefore attacks the finding of the court "that the engagement endured from October 6th, 1920, to and including November 30th, 1920, and no longer," on the ground that there is no evidence to support said finding.

Turning to the evidence, we find that the testimony of the defendant was to the effect that he was employed to produce one picture only, and after the approval of this picture by the officers of the company, he was employed to produce a second picture, and later on he was employed on a third. Mr. Litchtig, the president of plaintiff, testified that at the time of defendant's employment, Mr. Vieiller said to defendant, "I know, Mr. Ruggles, that you can do this picture, the first that we are going to make. I have some others afterwards, all going to be specials. We have this story and we wish you to do it." To which the defendant replied, "I will be glad to do this story." As far as the evidence shows, nothing was said at this time towards employing the defendant to produce these other specials. Mr. Engel, the general manager of the Metro Pictures Corporation, testified, "Mr. Ruggles was engaged on a picture,—was engaged for one picture, and then continued for two more. . . . A director is engaged with the right to dismiss him after the first picture if we want to, and with the right on his part to seek other employment after the first picture if he wants to."

[1] In our opinion this evidence was sufficient to support the finding of the court that the defendant's first employment with the company was for the production of one

picture only.   Counsel for appellant has called our attention to other testimony in the case which is strongly in favor of the position of the appellant, and insists that this evidence shows that the defendant's employment was one continuous engagement from October 6, 1920, to March 30, 1921.   But, conceding that this testimony is all that is claimed for it by the appellant, the best that can be said in favor of appellant is that there is a conflict in the evidence, and, according to the well-established rule applicable to appellate courts, the finding of the trial court must prevail when there is a substantial conflict in the evidence in support of such finding.

[2]   Plaintiff insists that the failure of the defendant to reply to the statement sent him by plaintiff on December 23, 1920, wherein the plaintiff claimed commission beyond the period covered by the time employed on the first picture, is a strong circumstance against defendant's contention that his engagement was only for the first picture.   The evidence shows that the defendant made no written reply to this statement or the letter accompanying the same.   It does show, however, that he made a verbal reply to the president of the plaintiff, but just what this verbal reply was does not appear from the record.   It must be conceded that this circumstance is strongly in favor of the plaintiff, yet this evidence must be taken in connection with all of the other evidence in the case, and if the evidence taken as a whole shows there is a substantial conflict therein upon any particular issue, and this issue is found against the appellant, such finding must be sustained by the appellate court.

[3]   Plaintiff further claims that even if the defendant's original engagement was for the production of one picture only, and that he was subsequently employed to produce two other pictures, that these subsequent engagements were as much due to the direct results of plaintiff's efforts in bringing the parties together in the first instance as was the first engagement, and, therefore, plaintiff was entitled to a commission on the salary received by defendant during the two subsequent engagements.   In support of this contention the plaintiff has cited the recent case of *Haun* v. *Rosenmayer*, 46 Cal. App. 353 [189 Pac. 117], which holds that a broker is entitled to a commission on sales when his efforts are the producing cause thereof, and when through his agency the purchaser is brought into communication with the seller,

although the parties negotiated in person and without the presence of the broker.

In the case of *Haun* v. *Rosenmayer,* the assignors of plaintiff were brokers, and on November 19 the defendant wrote them that he would be able to ship later all the cauliflower that the brokers could sell. The brokers immediately got into communication with Libby, McNeill & Libby, and as a result of the brokers' efforts the representative of Libby, McNeill & Libby called upon the defendant on November 22d and purchased five carloads of cauliflower. On the next day he purchased thirty carloads, and on the day following fifty carloads more. The defendant paid the brokers' commission on the first five carloads but refused to pay any commission whatever on the eighty carloads sold on the two following days. The lower court found that the efforts of the brokers were the producing cause of the sale of the eighty tons of cauliflower, and on appeal the appellate court held that this finding was supported by the evidence. In the case at bar the facts are entirely different from those in the case of *Haun* v. *Rosenmayer,* 46 Cal. App. 353 [189 Pac. 117]. In addition to the evidence already referred to, it was shown that before the defendant had finished the first picture for the Metro Pictures Corporation he applied to the company for further employment and was informed by the manager that it would be necessary for certain officers of the company to see the first picture and approve it before they could consider employing defendant on a second picture. It further appears that after the first picture was finished it was reviewed by the officers of the company and approved by them, and they then gave defendant further employment. This second employment was agreed to some six weeks after defendant was introduced to the officers of the company by plaintiff. From these facts the court found that the efforts of the plaintiff were not the producing cause of the subsequent employment of the defendant. We think this finding of the court is undoubtedly sustained by the evidence. While we readily assent to the rule laid down by the court in the case of *Haun* v. *Rosenmayer,* 46 Cal. App. 353 [189 Pac. 117]—that is, that the broker is entitled to his commission on sales when his efforts are the producing cause, even though the parties negotiated in person and without his presence—we find that the facts in the case be-

fore us, as found by the court, do not permit of the application of this rule.

[4] Appellant finally contends that if denied recovery upon the contract, yet it should have been given judgment for the full amount of its claim upon the count of *quantum meruit* set forth in the second cause of action of its complaint. In answer to this contention, it is sufficient to say that the complaint nowhere sounds in *quantum meruit*, nor was there any attempt at the trial to prove the reasonable value of the services rendered by plaintiff.

We find no error in the record and are of the opinion that the judgment should be affirmed, and it is so ordered.

Conrey, P. J., and Houser, J., concurred.