[Civ. No. 6309.  Second Appellate District, Division One.—December 5, 1930.]

W. ROSS CAMPBELL COMPANY (a Corporation), Respondent, v. HERBERT'S OF LOS ANGELES (a Corporation), Appellant.

Mark M. Cohen, Aaron N. Cohen and Vincent Surr for Appellant.

Roy V. Rhodes for Respondent.

HOUSER, J.—The defendant was the owner or in the possession of certain storerooms at what were known as Nos. 745 to 749 South Hill Street, in the city of Los Angeles. The storeroom at No. 745 was separate and apart from the remainder of the premises, the latter of which were occupied by defendant in the operation of its business as a restaurant. The plaintiff is a corporation acting as a broker in the business of selling and leasing real property. Through an employee of the plaintiff it solicited from the defendant the business of procuring a tenant for such storeroom at No. 745 South Hill Street, and at the same time informed the defendant of the name of a person or a corporation which plaintiff hoped might be induced to become such tenant. Concurrently therewith, the defendant gave to the plaintiff full particulars respecting the terms and conditions under which the storeroom would be leased. Shortly thereafter, acting under the direction of the plaintiff, the proposed tenant visited the premises owned or possessed by the defendant. At that time the plaintiff was informed by the defendant that theretofore it had given to another person an option to lease the storeroom at No. 745 South Hill Street, but that if such option were not exercised the defendant would then be in a position to enter into a lease with the proposed tenant which the plaintiff had sent to the defendant. Within a few days following such statement by the defendant, the storeroom at No. 745 South Hill Street was leased by the defendant to a third person or corporation, with the proviso that possession of such storeroom was not to be taken by the lessee until after the lapse of approximately three months following the date of such lease. About two weeks after the proposed tenant who had been introduced to the defendant by the plaintiff had inspected the premises owned or possessed by the defendant and had then been informed as hereinbefore stated, and some days following the date of the lease of the storeroom at No. 745 South Hill Street to the third person or corporation, the defendant approached the proposed tenant who had been introduced to the defendant by the plaintiff and in person sought to induce such proposed tenant to lease from the defendant a portion of the remainder of the premises which were then being occupied and operated by the defendant as

a restaurant. The part of such premises at that time proposed by the defendant to be leased to such prospective tenant was known as No. 749 South Hill Street. The negotiations between the parties with reference to the location at storeroom No. 749 South Hill Street continued over a period of several weeks. In the meantime, the storeroom at No. 745 South Hill Street, although leased to a third person or corporation, remained unoccupied. But at no time after such premises at No. 745 South Hill Street were so leased did the defendant ever notify or inform the plaintiff of such fact; nor until after the premises at No. 749 South Hill Street had been leased as hereinafter stated, did the plaintiff have any knowledge of the fact that the premises at said No. 745 had been leased. To the contrary, with knowledge of the fact that the plaintiff was in complete ignorance of the leasing of the storeroom at said No. 745, the defendant permitted and encouraged the plaintiff to use and exert its endeavors in behalf of the defendant toward inducing the prospective tenant to enter into *a* lease with the defendant—the plaintiff all the time assuming that the storeroom at No. 745 South Hill Street was the premises to be leased. A lease of No. 749 South Hill Street was finally entered into between the defendant and the tenant introduced to the defendant and presented to it by the plaintiff. After demand had been made by the plaintiff upon the defendant that it pay the usual commission charged by real estate brokers in the city of Los Angeles for such services as had been rendered by the plaintiff to the defendant in the matter, and following the refusal by the defendant to compensate the plaintiff for such services, the action herein was commenced.

On the trial of the action the principal evidence introduced in substance having been as hereinbefore indicated, judgment was rendered in favor of the plaintiff; and the defendant appeals therefrom.

Appellant urges the points that "without a contract of some kind, no broker can recover"; and that "the law will not imply a contract to pay for services, where those services have been rendered pursuant to an express contract".

It is plain enough that in circumstances of the nature of those here under consideration some sort of contractual

relation between the parties is a necessary prerequisite to a recovery by the person who performs the services as against the person for whom or in whose behalf the services are rendered. However, it is well-settled law that neither a written proposal on the part of one person which in terms is accepted by another, nor even as between the parties, an oral substitute, in substance the counterpart of what might have been a writing—is necessary to establish a contractual relationship. In this case the relationship of the respective parties, followed by unambiguous conduct one toward the other, constituted a clear manifestation that the defendant desired the plaintiff to perform certain services in behalf of the defendant; and on the performance of which the law assumes that compensation was to be made therefor. At least, as far as concerns the premises at No. 749 South Hill Street, there was no express contract between the parties. However, the fact that the plaintiff was not correctly informed by the defendant as to the particular floor space which it desired to lease to some other person, or of the exact street number by which such place was known or designated, should present no legal barrier to the just compensation of the plaintiff for services honestly performed by it in procuring a tenant for the defendant at its request or at least with its consent and acquiescence.

Section 1589 of the Civil Code provides as follows: "A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting."

With full knowledge of all the facts which related to the situation, and particularly that the plaintiff knew nothing with reference to the fact that the storeroom at No. 745 South Hill Street had already been leased to another corporation, the defendant voluntarily accepted the benefits which arose from the efforts of the plaintiff in endeavoring to procure a tenant for the defendant, with the result that the storeroom at No. 749 South Hill Street was leased to the identical corporation with which during all the time involved in the matter the plaintiff had been negotiating—from which it follows that defendant consented "to all the obligations" which would have arisen from the transaction had both

of the parties thereto been fully cognizant of all the facts and had entered into an agreement with reference thereto.

The other points presented by appellant and upon which reliance is also placed as constituting sufficient grounds for reversal of the judgment are to the effect that where no contract exists between a landlord and a broker the landlord will incur no liability to the broker by leasing the premises in question to a person introduced by the broker to the landlord in connection with "another matter"; also, that the broker "must perform within the time specified".

Considering the facts in the instant case, it is difficult to perceive the application to them of the principles of law enunciated by appellant. As this court has attempted to elucidate herein, by reason of the conduct of the parties to the transaction, and in view of the situation and the knowledge of each of them with reference to the facts involved, an implied contract resulted. With the acquiescence and consent of the defendant, the plaintiff performed certain services in behalf of the defendant which, to say the least, largely contributed to the leasing of the premises in question. Compensation for such services should follow as a matter of course.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.