[Civ. No. 8147.   First Appellate District, Division Two.—January 4, 1932.]

C. B. NEISWENDER, Appellant, v. E. B. CAMPBELL et al., Respondents.

Edward A. Adams, Newlin & Ashburn and A. W. Ashburn for Appellant.

Andrews & Andrews, Mortimer A. Kline, Jerry H. Powell, I. Henry Harris for Respondents.

WARD, J., *pro tem.*—The complaint in this action alleged an agreement under the terms of which plaintiff was to procure for defendants the necessary finances to drill an oil-well or to procure a responsible party or parties so to do. In May, 1927, defendant E. B. Campbell was the owner in fee simple of a lot situated on State Street in Los Angeles County which will be referred to as lot No. 1. Among other properties, Campbell had a half interest as lessee in the property designated as lot No. 8 several blocks away on Obispo Street. The other half interest as lessee belonged to defendant P. M. Reidy. At the time mentioned in the complaint the Obispo well on lot No. 8 had been drilled to the depth of about 3,500 feet. In May, 1927, through a mutual friend, Campbell met appellant and authorized him to secure financing to the extent of fifty per cent of the money required to drill a well on State Street lot, No. 1. Campbell was to furnish steam, pipe, etc. Appellant was to be paid an amount equal to one-sixth of twenty per cent of the so-called land owner's royalty reserved by Campbell.

Appellant introduced Campbell to representatives of the Richfield Consolidated Oil Company. After several conversations relative to lot No. 1, further negotiations were dropped as to that particular parcel of land and the Richfield Company entered into a contract with all of the defendants to finance to the extent of $15,000 the drilling on lot No. 8. This contract is claimed to have been the proximate result of appellant's efforts, but the trial court upon this issue held with the defendants.

Appellant contends that the evidence shows that during the pendency of the negotiations inaugurated by appellant defendant Campbell revamped the deal by skilfully guiding the Richfield representative from State Street to the Obispo property and by substituting one lot for the other; that while the original agreement between appellant and Campbell was relative to lot No. 1, that Campbell really intended to interest the Richfield Company in lot No. 8 and thereby defraud appellant. This contention can only be based upon suspicion and surmise. Campbell exhibited the Obispo and other property to the Richfield representatives, but the first notification that Richfield was not interested in lot No. 1 came from the Richfield representatives and likewise the suggestion to deal with Campbell in an agreement to finance lot No. 8. There is some evidence that if the Richfield representatives did not like lot No. 1 that perhaps they would be interested in going in on some other location and that the same commission arrangement would apply on other locations. The circumstances surrounding the transaction do not bear out the last-mentioned contention. The trial court's finding upon this subject cannot be disturbed in ·view of substantial evidence supporting it.

It is conceded that the contract for financing with a commission of three and one-third per cent was expressly directed toward lot No. 1, but appellant contends that the ultimate financing of another lot did not break the causal chain and that his efforts resulted in the consummated deal; that the proximate cause of the execution of the Obispo contract was the introduction of Campbell by appellant to the Richfield representatives. In the branch of law applicable to brokers' commissions, proximate cause is the setting in motion of a series of events operating upon the

minds of the prospective contracting parties starting and procuring them, without a break in the chain of events toward an ultimate agreement. In *Smith* v. *Preiss,* 117 Minn. 392 [Ann. Cas. 1913D, 820, 136 N. W. 7], quoted in *Roth* v. *Thomson,* 40 Cal. App. 208, 215 [180 Pac. 656, 659], the court said: "In order for the broker to recover, the evidence must show that his efforts were the procuring cause and not merely one in a chain of causes." ▮ A broker may not indirectly or incidentally contribute to the success of a venture and recover a fee, but to enable him to recover, his efforts must be the predominating effective cause. (*Sessions* v. *Pacific Imp. Co.,* 57 Cal. App. 17 [206 Pac. 653].) If the efforts of the broker are the primary cause, but the primary cause is not the effective cause, then such efforts cannot be classified as the proximate procuring cause. (*Bail* v. *Glantz,* 78 Cal. App. 49, 54 [248 Pac. 258].) In this case a mere introduction of the prospective contracting parties was the sum total of the efforts of the broker. If this introduction was the effective cause of the particular executed contract, then appellant is entitled to recover. Appellant was authorized to negotiate a well-drilling contract on lot No. 1 on State Street. The actual contract was relative to lot No. 8 on Obispo Street. The State Street proposition was rejected and without participation or knowledge by appellant, the Richfield representatives solicited from Campbell the opportunity to finance the Obispo property. Appellant's contract with Campbell was special and not general. This special undertaking failed. The mere introduction of the contracting parties is not sufficient to recover. (*Backman* v. *Guadalupe Realty Co.,* 78 Cal. App. 347, 352 [248 Pac. 296]; *Naylor* v. *Ashton,* 20 Cal. App. 544 [130 Pac. 181]; *Holland* v. *Flash,* 20 Cal. App. 686 [130 Pac. 32]; *Lichtig & Rothwell, Inc.,* v. *Ruggles,* 67 Cal. App. 414 [227 Pac. 781]; *French* v. *McKay,* 181 Mass. 485 [63 N. E. 1068]; *Brown* v. *Mason,* 155 Cal. 155 [21 L. R. A. (N. S.) 328, 99 Pac. 867].) This was not a written contract, but the oral contract was specific in the designation of the State Street lot as the property to be financed.

The finding of the trial court that the agreement pleaded was not made is borne out by an examination of the conditions relative to the two parcels of land. Campbell was the sole owner of the State Street lot and no well had been

508

started thereon. Campbell was to reserve a twenty per cent land owner's royalty and the financers were to obtain fifty per cent partnership. Campbell was not the owner of the Obispo property, but, jointly with defendant Reidy, held a lease thereon under which a well was then being drilled. In the contract consummated the Richfield Company purchased approximately one-eighth interest in the lease, the land owner's royalty remaining with one Charles F. Martin, not a party to this action.

*Twogood* v. *Monnette,* 191 Cal. 103 [215 Pac. 542], *Sessions* v. *Pacific Imp. Co., supra,* and *Moore* v. *Borgfeldt,* 96 Cal. App. 306 [273 Pac. 1114], cited by appellant, reflect the law relative to a change in terms of a general authorization. This statement is likewise true of the citations from other jurisdictions. The case of *W. Ross Campbell Co.* v. *Herbert's of Los Angeles,* 110 Cal. App. 244 [293 Pac. 805], is more in point but there is some difference between the facts of that case and the one under consideration. In *W. Ross Campbell Co.* v. *Herbert's of Los Angeles, supra,* the court held there was an implied contract between the broker and the lessor. In the instant case there was an express contract between the broker and the owner. In the cited case the broker's client substituted one lease interest for another. In the case at bar the switch in lots was upon the suggestion of the prospective contracting party produced by the broker and not upon the suggestion of the broker's client. In the Campbell case the law was applied upon the fact as found with particular reference to the conduct of the parties. In the present case appellant forcibly contends that one proposition was imperceptibly blended with the other, but the trial court found otherwise upon evidence sufficient to support the court's views.

Having sustained herein the finding that appellant's services were not the procuring cause of the consummated contract and that the agreement between appellant and respondent was an express contract relative to lot No. 1 on State Street, it is unnecessary to consider the contention that appellant is entitled to recover in *quantum meruit.*

The judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.