PEPPLE *v.* PARTEE.

(In Banc. Feb. 25, 1946. Suggestion of Error Withdrawn April 22, 1946.)

[24 So. (2d) 859. No. 36074.]

Forrest G. Cooper, of Indianola, and H. Lee Herring, of Ruleville, for appellant.

Frank E. Everett and J. M. Forman, both of Indianola, for appellee.

Argued orally by Forrest G. Cooper, for appellant, and by Frank E. Everett, for appellee.

Griffith, J., delivered the opinion of the court.

We are of the opinion that, excluding all incompetent evidence, there remains enough to sustain the findings of fact by the Chancellor and to support the decree under the law of the case as laid down on the former appeal,

Partee v. Pepple, 197 Miss. 486, 20 So. (2d) 73. We think, however, that the finding that the Pepples knew at the time they made the original contract of sale with May that Partee, the agent, was the party who had procured May as purchaser is not sufficiently sustained by the competent evidence, and this raises the question, necessarily, whether the want of that knowledge on the part of the Pepples will defeat the agent of his commissions.

There is no real doubt that Partee the agent procured May as a purchaser, and May admits that he promised Partee that he, May, would inform the Pepples that he was sent to them by Partee, and he admits that he did not so inform them, but dealt with them on the pretense that he had had no connection with any procuring agent. The additional fact, and one of controlling importance, is that in the sale by the Pepples to May they received substantially the aggregate amount in purchase price at which the agent was authorized to negotiate the sale, wherefore they were put in no position less advantageous than if they had known that the agent had procured the purchaser.

In such a case the rule according to the weight of authority, and in which we concur, is that "a broker who is the procuring cause of a sale is entitled to a commission even though the owner makes the sale himself in ignorance of the fact that the broker is the procuring cause." 12 C. J. S., Brokers, sec. 93, p. 217, and 8 Am. Jur., p. 1101 and the numerous cases cited in support of the texts. See also the case note 8 L. R. A. (N. S.), p. 153.

If the Pepples had sold to May on terms substantially less advantageous to them than the terms on which Partee was authorized to procure a purchaser, there would be a different case, as was Rawls v. Carlisle & Baston, 208 Ala. 164, 93 So. 820, cited, among a few others, by appellant.

Affirmed.