[Civ. No. 18593. Second Dist., Div. Two. Dec. 7, 1951.]

JACK ZELKOWITZ, Appellant, v. NATHAN R. TOBIN, Respondent.

Arthur V. Kaufman for Appellant.

Warren & Lipson and Louis Warren for Respondent.

MOORE, P. J.—Defendant, desirous of selling certain acreage, entered into a listing agreement with plaintiff, a real estate broker, on September 2, 1947, granting the latter 90 days within which to make a sale. It was provided that plaintiff should receive a commission of 5 per cent of the selling price "if a sale or exchange is effected by him" during the period of the agency. Upon receipt of the listing agreement, plaintiff commenced negotiations with one Dale E. Turner with a view of inducing him to purchase the Tobin acres and accompanied Turner to defendant Tobin's home. Several interviews occurred between Tobin and Turner in which plaintiff participated.

On November 18, 1947, defendant and Turner entered into an agreement for a joint adventure whereby they were to subdivide the Tobin property, construct homes on the various lots, sell the improved parcels to the public and, after sharing equally the expenses of subdivision, defendant was to receive $650 for each parcel thereafter sold plus one half of any profits resulting from such sale. Their contract provided that any lots remaining unsold at the end of two years should be divided between Turner and defendant in proportion to their investment.

The decisive finding is that plaintiff was not the procuring

cause of such transaction and that the agreement did not constitute a sale as contemplated by the listing agreement.

Contending that the evidence establishes without conflict that he had rendered the service required to entitle him to a commission, plaintiff appeals. ■ Appellant cannot recover a commission, by reason of the fact that he did not effect a sale or exchange of the Tobin acres. (*Neiswender* v. *Campbell*, 119 Cal.App. 504, 507 [6 P.2d 584] ; see *Lichtig & Rothwell, Inc.* v. *Holubar*, 78 Cal.App. 511, 515 [248 P. 735] ; 10 West's Cal. Digest, p. 613 et seq.) ■ Moreover, his failure to prove that he was the efficient cause of the contract which respondent made with Turner forecloses his hope for recovery. (*Sessions* v. *Pacific Imp. Co.*, 57 Cal.App. 1, 15 [206 P. 653].) ■ He merely introduced respondent to Turner who testified that at the time he negotiated with respondent, he himself was not financially able to purchase the land and that he had discussed the matter at first with Tobin only with a view to interesting another in its purchase. The two subsequently executed the contract which involved respondent's sale of the acreage to others. Not having produced a purchaser ready, able and willing to buy respondent's property, appellant has not on that account earned a commission. (*McRae* v. *Ross*, 170 Cal. 74, 78 [148 P. 215].)

Conceding *arguendo*, that the November agreement constituted a "sale or exchange" within the purview of the listing contract and that appellant was the procuring cause, he cannot recover by reason of the fact that it is impossible to determine from the evidence the amount of the "sale" which is essential to the computation of a commission. ■ Proof of the price obtained from a sale is indispensable to any recovery by a broker. ■ The "price" is the consideration passing from buyer to seller in return for the latter's transfer of his interest in the thing sold. (Civ. Code, § 1721.) ■ By the terms of the contract between Turner and Tobin the consideration for the latter's agreement to give Turner an interest in the land (assuming he did acquire some sort of interest) was Turner's promise to expend money and services in subdividing the land. Such promise to invest his time and money was the price to be paid by Turner. However, no proof of the value of such promise or of the services performed and moneys expended or to be expended was offered.

Appellant's argument that the sale price should be considered as $650 per lot, the sum to be paid respondent upon

the sale of each parcel to a third party, calls for an inference not warranted by legalistic logic. That sum undoubtedly approximates the value of the property but it cannot be construed as the price paid by Turner for his indefinite and indeterminate interest.

From the evidence introduced, the court had no reasonable basis from which either it might calculate a commission or that by his service appellant earned one.

Judgment affirmed.

McComb, J., concurred.