MYRES *v.* SEWARD.

No. 41446          March 28, 1960          118 So. 2d 864

*James Robertshaw,* Greenville, for appellant.

*Campbell & Campbell,* Yazoo City, for appellees.

McGehee, C. J.

This is an appeal from a judgment of the Circuit Court of Yazoo County, Mississippi, sustaining a demurrer of the appellees E. R. Seward and his Sister, Margaret S. Hendrix, to the bill of complaint filed by the appellant, J. S. Myres, to recover a 5% real estate commission on the sale of 2,080 acres of land in Holmes County, Mississippi. The plaintiff declined to plead further and a final judgment was entered dismissing the case.

The declaration alleged, in substance, that in April of 1955 the appellees listed the Christmas Place with the plaintiff as a real estate agent for sale at a price of $135,200, of which $35,200 was to be paid in cash, and the balance of $100,000 was to be paid in annual installments of $20,000 per year for five years, with interest at 5%

per annum; that after said property had been listed with the plaintiff under an oral agreement, he showed the place to one Charles S. Lee of Indianola, Mississippi, in October 1955; that the said Charles S. Lee was interested in purchasing said property and was willing to pay the price requested, but was unwilling or unable to take the risk of making the annual payments of $20,000 for the balance of the purchase price; and that thereupon the said Charles S. Lee was at that time lost as a prospect for the purchase of the place.

That on December 8, 1955, the plaintiff showed the Christmas Place to one Clifford Mohler of Yazoo City, who represented to the plaintiff that he was interested in purchasing it, and that the plaintiff spent considerable time in viewing the property with the said Mohler; that after he had expended time and money in interesting the said Mohler in purchasing said property in the belief that the said Mohler was a bona fide prospect, and learned that said Mohler was not in fact a bona fide prospect, he continued his efforts to sell said property up until June 1956, when he learned that the defendants had granted an option to sell said Christmas Place to the said Charles S. Lee and John M. Montgomery, Jr.

The declaration further alleges that the said Clifford Mohler, who had, as aforesaid, been shown the place by the plaintiff, had interested the said John M. Montgomery, Jr. in its purchase, and that the said John M. Montgomery, Jr. approached Charles S. Lee suggesting that the latter "fly him over the place"; that Charles S. Lee advised John M. Montgomery, Jr. that he, Lee, had become intimately familiar with the place as a result of his contacts with the plaintiff; and that thereupon the two entered into a joint venture under which they sought and obtained an option from the defendants, whereby the defendants agreed to sell the Christmas Place to Lee and Montgomery for the price of $130,000, $2,500 of which was paid for the option, but to be applied upon the purchase price in the event of a sale, and $30,000 to

be paid in cash upon the exercise of the option and the balance of $97,500 was to be paid in ten equal annual installments of $9,750, bearing interest at the rate of 5% per annum.

Thereafter the said Charles S. Lee sold, transferred and assigned his interest in the said option unto John M. Montgomery, Sr., Father of John M. Montgomery, Jr. The Montgomerys then exercised their option by purchasing all of said lands at the total purchase price of $130,000 under the terms hereinbefore mentioned as to how the said purchase price was to be paid.

The appellant relies primarily upon the cases of Partee v. Pepple, et al., 197 Miss. 486, 20 So. 2d 73, and Pepple v. Partee, 199 Miss. 577, 24 So. 2d 859. It is true that in Partee v. Pepple, et al., supra, the Court held that where the contract between the owner of the property and the real estate agent specifies the price and terms of sale, the agent performs his duty and is entitled to his commission, when he procures a purchaser, ready, willing and able to buy (upon the terms specified in the contract), even though the owner may then decline to sell. But in the instant case the declaration affirmatively shows that while Charles S. Lee was willing to pay the purchase price for which the land was offered for sale, he was "unwilling or unable to stand the risk of making annual payments of $20,000 per year (as proposed by the owners) on the balance of the purchase price." In other words, he was fearful that he might not be able to pay $20,000 per annum for the period of five years specified, and he was therefore unwilling or unable to stand the risk as to whether or not he would be able to do so.

As to Clifford Mohler, it appears from the declaration that he was not a bona fide prospect for the purchase of the land but that he was merely interested in trying to sell the same to some third person.

Moreover, it is not alleged that the plaintiff had anything to do with the procurement of the option from the

defendants by the said Charles S. Lee and John M. Montgomery, Jr., or that he had anything to do with the assignment between Charles S. Lee and John M. Montgomery, Sr. The declaration alleges that the real estate agent's commission of 5% of the sales price was to be paid "in the event of sale of the property to a purchaser procured by the plaintiff." It is true that the declaration alleges as a conclusion that the sale of the property to John M. Montgomery, Jr. and John M. Montgomery, Sr. was procured by the plaintiff, but the facts alleged show that such was not the case.

██ █ We have examined the announcement of the rule in 12 C. J. S., Brokers, Sec. 91, b., p. 211, but we do not think that the declaration in this case alleged sufficient facts to show that the plaintiff was the procuring cause of the sale of the land to the Montgomerys, but rather that the declaration alleges facts that would establish the contrary.

We are therefore of the opinion that the action of the trial court was correct in sustaining the demurrer to the declaration, and in dismissing the suit when the plaintiff declined to plead further.

Affirmed.

*Arrington, Holmes, Ethridge* and *Gillespie, JJ.*, concur.