SHAUL *v.* MERCHANTS & FARMERS BANK OF MERIDIAN

No. 43704 December 17, 1965 181 So. 2d 338

*Robert D. Coit, Williamson, Pigford & Hendricks,* Meridian, for appellant.

*Floyd, Cameron, Deen & Pritchard,* Meridian, for appellee.

Smith, J.

The appellant, J. A. "Art" Shaul, filed his bill of complaint against appellee, Merchants & Farmers Bank of Meridian, Mississippi, Individually, and as Successor Trustee of the Estate of A. H. Cooper, Deceased, in the Chancery Court of Lauderdale County. Shaul demanded judgment against the bank for $18,388.50, alleged to be due him as a five percent real estate broker's commission on the sale of certain land belonging to the trust estate.

From a decree sustaining a general demurrer to the bill, this appeal has been prosecuted.

The facts upon which appellant relies to sustain his claim, as they are stated in the bill, and so far as they are essential to a determination of the question presented on this appeal, may be summarized as follows:

The appellant is a licensed real estate broker. The bill alleges that he contacted appellee and was authorized to "obtain offers for the sale of the real property with a five percent commission . . . on any sale consummated through or as a result of the efforts of complainant." This agreement was not evidenced by any writing.

The bill alleged further that appellant listed the land for sale and devoted time, effort and expense toward obtaining a purchaser.

Appellant offered the lands for sale to one Wythel Woods. Woods considered buying the land, but finally did not do so. "Several days or weeks later" Wythel Woods told one Edgar H. Woods of Beverly Hills, California, (who is not alleged to have borne any relationship to Wythel Woods) that the lands were for sale and "showed him the general location of the lands."

Afterward the bank sold the land to Edgar H. Woods.

The bill does not allege that the listing of the land with appellant was an exclusive listing. There is no allegation that appellant dealt with Edgar H. Woods,

personally, or that he located, procured, or found him as a prospective purchaser. There is no allegation that he had any connection with Edgar H. Woods whatever, and it does not appear from the bill that appellant knew of his existence. There is no allegation that any privity existed between appellant and Wythel Woods, or between appellant and Edgar H. Woods, or between Wythel Woods and Edgar H. Woods.

The bill proceeds upon the theory that because the purchaser, Edgar H. Woods, learned that the land was for sale from a former prospective purchaser, to whom appellant had unsuccessfully attempted to sell the land, that appellant was the effective procuring cause of the sale and entitled to commissions.

There is no allegation in the bill that Wythel Woods, in mentioning the land to Edgar H. Woods, was acting as the agent or representative of appellant, or acting in any capacity for appellant.

The bill does contain a conclusion of the pleader that Edgar H. Woods purchased the land ''as the result of the efforts of complainant who was the procuring cause of the sale.'' This conclusion is not in accord with the facts stated in the bill which are to the contrary.

In Myres v. Seward, 238 Miss. 520, 118 So. 2d 864 (1960), a broker sued for commissions on the sale of certain real estate. A demurrer to the declaration was sustained. In affirming the lower court in sustaining the demurrer, this Court said:

> Moreover, it is not alleged that the plaintiff had anything to do with the procurement of the option from the defendants by the said Charles S. Lee and John M. Montgomery, Jr., or that he had anything to do with the assignment between Charles S. Lee and John M. Montgomery, Sr. The declaration alleges that the real estate agent's commission of 5% of the sales price was to be paid 'in the event of sale of the property to a purchaser procured by the plaintiff.' It is true

that the declaration alleges as a conclusion that the sale of the property to John M. Montgomery, Jr. and John M. Montgomery, Sr. was procured by the plaintiff, but the facts alleged show that such was not the case. (238 Miss. at 523-524, 118 So. 2d at 866)

We have examined the announcement of the rule in 12 C.J.S., Brokers, Sec. 91, b., p. 211, but we do not think that the declaration in this case alleged sufficient facts to show that the plaintiff was the procuring cause of the sale of the land to the Montgomerys, but rather that the declaration alleges facts that would establish the contrary. (238 Miss. at 524, 118 So. 2d at 866)

In the case here, appellant had nothing to do with finding Edgar H. Woods, or with procuring the sale of the land to him. It is true that appellant attempted to sell the land to Wythel Woods, and that after that sale failed to materialize, Wythel Woods, in no wise acting for or on behalf of appellant, informed Edgar H. Woods that the land was for sale and indicated to him its general location.

In Neiswender v. Campbell, 119 Cal. App. 504, 507, 6 P. 2d 584, 585 (1932), it was said:

If the efforts of the broker are the primary cause, but the primary cause is not the effective cause, then such efforts cannot be classified as the proximate procuring cause. . . .

In 12 C.J.S. *Brokers* section 91 at 209 (1938), it is said:

While it is not essential that the broker's efforts be the sole cause of the sale or other transaction, it is essential that they be the predominating effective cause, and they are not sufficient to entitle him to a commission where they are merely an indirect, incidental, or contributing cause or one of the links in a chain of causes.

In 12 C.J.S. *Brokers* section 91 at 211 (1938), there appears the following:

> . . . Where a broker contacts one person who in turn brings the property to the attention of another person who purchases it, the broker may or may not, according to the circumstances, be deemed to be the procuring cause of the sale so as to be entitled to compensation. He is allowed recovery in some cases, as where he has made progress in the negotiations and the purchaser is an associate or coadventurer of the person contacted or a corporation organized by him; but he is denied recovery in other cases, as where he has failed, or apparently failed, in his negotiations with the person contacted and the purchaser is not a mere conduit for the passage of title, . . .

There is no allegation that Wythel Woods did more than inform a third party that the land was for sale and as to its general location. Appellant had nothing to do with either of those things and nothing to do with the sale.

 █ The bill shows upon its face that appellant was not the effective procuring cause of the sale and that he is not entitled to commissions.

Appellant attached to his bill a number of interrogatories seeking information about the sale consummated between the bank and Edgar H. Woods. As he has no justiciable interest in the transaction, the questions presented by the interrogatories are moot, and he is not entitled to the information sought.

The chancellor was correct in sustaining the demurrer and dismissing the bill.

Affirmed.

*Ethridge, P. J., and Gillespie, Rodgers and Brady, JJ.,* concur.